PER CURIAM:
 

 Kenneth and Helen Latch appeal from the district court’s reversal of a bankruptcy court’s determination that the Latches’ debt to appellee Sunco Sales, Inc. was dis-chargeable. This debt arose out of a prior proceeding in district court, in which the Latches were found to have committed civil theft and were ordered to pay compensatory and punitive damages to the injured party, Sunco Sales, Inc. Because the original district court judgment unambiguously establishes “willfulness” and “maliciousness” on the part of the Latches and because the bankruptcy judge is therefore collaterally estopped from relitigating this issue, we hold that the Latches’ debt for civil theft is nondischargeable in bankruptcy. The district court, 58 B.R. 596, properly found the bankruptcy court in error.
 

 I. FACTS
 

 The Latches were defendants in a prior district court case, along with their son, Michael Latch, and the corporate defendant (and family business), South Dade Automotive Service, Inc. The jury found the Latches liable for civil theft related to the misappropriation of wire transfer proceeds in connection with plaintiff/creditor Sunco Sales, Inc. (“Sunco Sales”). The jury rendered a special verdict pursuant to Fed.R. Civ.P. 49(a) and gave answers to 47 questions relating to the culpability of each party. The district judge ordered recovery of both compensatory and punitive damages from the defendants. The Latches subsequently filed for protection in the bankruptcy court in a Chapter 7 proceeding.
 

 The plaintiff in the district court case, Sunco Sales, brought a complaint in bankruptcy to determine the dischargeability of the debt. Sunco Sales alleged that the judgment debt was not dischargeable since it fell within the exceptions to discharge sections of the Bankruptcy Code, 11 U.S.C. 523(a)(2), (4), and (6).
 
 [1]
 
 These sections ex
 
 *1165
 
 cept from discharge any judgments arising from fraudulent conduct or willful and malicious injury by the debtor. Sunco Sales contended that the prior judgment for civil theft demonstrated such willful and malicious conduct on the part of the Latches.
 

 The bankruptcy judge held a hearing on this complaint; the sole evidence presented was the final judgment entered in district court and the special jury verdict interrogatories. The judge found the interrogatories ambiguous on the issue of willfulness and maliciousness. Consequently, the judge found that this evidence constituted an insufficient basis to establish the necessary elements of “willfulness” and “maliciousness,” and he found the judgment debt was dischargeable in bankruptcy. Sunco Sales appealed to the district court, arguing that it had submitted sufficient evidence for a finding of nondischargeability. The district judge found that the relevant Florida statute for civil theft had an intent requirement which constituted the elements of willful and malicious injury under the bankruptcy code. Thus, he found that Sunco Sales had presented sufficient evidence to meet its burden of proof and that the bankruptcy court erred in finding dischargeability. The Latches appeal from that decision.
 

 II. DISCUSSION
 

 The only issue on appeal that warrants discussion is whether Sunco Sales has proved the willful and malicious element necessary to establish nondischargeability.
 
 [2]
 

 The bankruptcy judge’s determination that the debt was dischargeable turned on his reading of two of the 47 interrogatories. Questions 42 and 44 asked jurors whether Kenneth Latch and Helen Latch, respectively, acted “with malice, moral turpitude, wantonness, willfulness or reckless indifference to the rights of Sunco Sales, Inc.” As to each defendant, the jury answered “yes.” The bankruptcy judge reasoned that the use of the conjunction “or” in these interrogatories lent itself to several alternative bases of liability. Therefore, the court was foreclosed from finding willful and malicious intent as opposed to merely reckless conduct. Unlike malicious and willful injuries, reckless conduct would not rise to a level sufficient to deny discharge of a debt.
 

 Though Interrogatories 42 and 44, taken out of context, may appear ambiguous, in the context of the record as a whole, the willfulness and maliciousness of the Latches’ actions were undeniably established. The answers to Questions 25 and 26 conclude that the Latches knowingly obtained, used, or allowed use of the wire transfer proceeds with intent to appropriate. More significantly, the judge entered a verdict against the Latches for civil theft. Under Florida law,
 

 (1) A person is guilty of theft if he
 
 knowingly
 
 obtains or uses, or
 
 endeavors
 
 to obtain or to use, the property of another
 
 with intent
 
 to either temporarily or permanently:
 

 (a)
 
 deprive
 
 the other person of a right to the property or a benefit therefrom.
 

 (b)
 
 appropriate
 
 the property to his own use or to the use of any person not entitled thereto.
 

 Fla.Stat.Ann. § 812.014(1) (emphasis added). This statutory language clearly requires intent to do a wrongful act, not mere negligence or recklessness. The case law confirms that liability under the statute must be based on criminal intent.
 
 See, e.g., State v. Dunmann,
 
 427 So.2d 166, 169 (Fla.1983);
 
 Bertoglio v. American Savings & Loan Association of Florida,
 
 491 So.2d 1216, 1217 (Fla. 3 D.C.A. 1986);
 
 Rosen v. Marlin,
 
 486 So.2d 623, 625 (Fla. 3 D.C.A.
 
 *1166
 
 1986). Thus, one can conclude from the fact of conviction for civil theft that the Latches were willful and malicious in their actions.
 

 The bankruptcy judge erred in reading Interrogatories 42 and 44 out of context. It is well-established that in considering the dischargeability of a judgment, the court should look to the entire record.
 
 Peerson v. Mitchell,
 
 205 Okla. 530, 239 P.2d 1028 (1950),
 
 cert. denied,
 
 342 U.S. 866, 72 S.Ct. 106, 96 L.Ed.652 (1951); 3 Collier on Bankruptcy 11523.16 n. 29 (15th ed. 1986). Therefore, to clarify any ambiguity that the bankruptcy judge found in Questions 42 and 44, he should have considered the other questions answered by the jury and the judgment of conviction. Those facts make it clear beyond cavil that the elements necessary for nondischargeability had been determined. This case is thus distinguished from
 
 In re Held,
 
 734 F.2d 628, 630 (11th Cir.1984), in which we held that a state court award of punitive damages in a conversion action did not end the inquiry into the question of the “willful and malicious injury” element. There, the award of punitive damages did not establish willfulness, since punitive damages could have been awarded on the basis of recklessness.
 

 In this case, the prior court’s decision unambiguously established the fact that the Latches’ actions were willful and malicious. Thus, the bankruptcy judge was bound to give collateral estoppel effect to that fact finding.
 
 In re Halpern,
 
 810 F.2d 1061 (11th Cir.1987);
 
 Carey Lumber Co. v. Bell,
 
 615 F.2d 370, 377 (5th Cir.1980);
 
 [3]
 

 In re Pitner,
 
 696 F.2d 447 (6th Cir.1982). The three elements necessary for issue preclusion were present in this case: (1) the issue of willfulness and maliciousness in the bankruptcy proceeding was identical to that issue in the civil theft case;
 
 [4]
 
 (2) the issue of willfulness and maliciousness had been previously litigated; and (3) the determination of the issue of willfulness and maliciousness was a critical and necessary part of the judgment in the earlier civil theft action.
 
 See In re Held,
 
 734 F.2d at 629. Thus, the bankruptcy court was not free in this instance to relitigate the specific issue of willfulness and maliciousness.
 

 In consideration of the above, we conclude that the bankruptcy court erred in not applying the doctrine of collateral es-toppel to this case. We affirm the district court’s decision which reversed the bankruptcy court’s judgment. The debt in this case was nondischargeable.
 

 AFFIRMED.
 

 [1]
 

 . 11 U.S.C. § 523(a) provides in pertinent part that:
 

 (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
 

 (2) for obtaining money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
 

 (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider’s financial condition;
 

 (B) use of a statement in writing—
 

 (i) that is materially false;
 

 (ii) respecting the debtor’s or an insider’s financial condition;
 

 
 *1165
 
 (iii) on which the creditor to whom the debt- or is liable for such money, property, services, or credit reasonably relied; and
 

 (iv) that the debtor caused to be made or published with intent to deceive;
 

 [[Image here]]
 

 (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;
 

 [[Image here]]
 

 (6) for willful and malicious injury by the debtor to another entity or to the property of another entity....
 

 [2]
 

 . All other elements have been established beyond peradventure, and the Latches’ vague suggestions otherwise are without merit and require no discussion.
 

 [3]
 

 . This case was decided prior to the close of business on September 30, 1981, and is binding precedent under
 
 Bonner v. City of Prichard,
 
 661 F.2d 1206, 1209 (11th Cir.1981).
 

 [4]
 

 . The word "willful” means "deliberate and intentional.”
 
 In re Scotella,
 
 18 B.R. 975, 977 (Bankr.N.D.Ill.1982). "Malicious,” as used in the discharge statute, means "'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.’ ”
 
 Id.
 
 at 977 (citations omitted). It is clear, then, that the definition of willful and malicious under the bankruptcy statute is fairly covered by the requirement of criminal intent in the civil theft statute.