In re Arden Joseph BOLL, d/b/a Boll Brothers and Diane J. Boll, Debtors.

UNITED STATES of America, Plaintiff,

v.

Arden Joseph BOLL, Defendant.

Bankruptcy No. 86–06047.
Adv. No. 87–7024.

United States Bankruptcy Court,
D. North Dakota.

Dec. 4, 1987.

Vicki J. Aldridge, Fargo, N.D., for U.S.

Jack R. Duis, Fargo, N.D., for defendant.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The plaintiff, the United States of America fbo the Commodity Credit Corporation (CCC), commenced the instant action on March 17, 1987, seeking to have an overpayment in the sum of $149,181.06 rendered non-dischargeable pursuant to the provisions of section 523(a)(2)(A) of the Bankruptcy Code. CCC, relying on the Debtor's plea of guilty to an indictment charging him with violation of 18 U.S.C. §§ 1001 and 1002, believes all elements of

section 523(a)(2)(A) have been met. The Debtor in his answer denies he knowingly made a misrepresentation and that if made it was not material. Trial was set for September 28, 1987, and on September 24, 1987, counsel agreed to submit the case on stipulated facts. A stipulation of facts together with documents deemed relevant were filed on October 30, 1987.

### Findings of Fact

On November 16, 1984, the Debtor entered into a Farm Storage Note and Security Agreement and in consequence thereof received a loan of $354,229.00 from CCC. This document indicates that the Debtor had in storage in two bins 144,000 bushels of 1984 corn. The CCC loan was based upon a loan rate of $2.46 per bushel.

On the same date the Debtor signed a CCC form CCC–666 entitled, Farm Stored Loan Quantity Certification. This document bears the language:

> "I certify that I produced the commodity and that such commodity is eligible for a loan. I further certify that the quantity of the commodity shown in column 5 above is in existence and is stored in the bin(s) noted."

In spaces indicated, this form indicates there to be 80,000 bushels in each of two bins for a total of 160,000 bushels, more than enough to cover the 144,000 bushels pledged as security to CCC.

In reliance on these two documents CCC made the loan to the Debtor.

On April 19, 1985, CCC spot checked the quantity in storage in the Debtor's two bins and found the total measured quantity to be only 87,871 bushels rather than 160,-000 bushels as indicated on the two forms. The amount of grain finally delivered to CCC by the Debtor on account of the 1984 loan was 96,293.25 bushels. As calculated on a CCC Settlement Statement approved by the county committee on October 24, 1986, the total outstanding indebtedness including interest was $383,728.74 and the total value of the grain actually delivered was $226,060.17 which by including allowed credits of $8,487.51 left a balance of $149,-181.06.

On December 3, 1986, a one count indictment was returned against the Debtor charging him with willfully and knowingly making and causing to be made a false, fictitious statement and representation as to material facts with respect to the 1984 Farm Storage Note and Security Agreement and the 1984 Farm Stored Loan Quantity Certification.

On January 21, 1987, the Debtor, by plea agreement entered in the United States District Court for the District of North Dakota, pled guilty to the charges in the indictment specifically acknowledging that:

> On or about November 16, 1984, in the District of North Dakota, Arden J. Boll, defendant herein, did willfully and knowingly make an cause to be made a false, fictitious and fraudulent statement and representation as to material facts in a matter within the jurisdiction of the Richland County Agricultural Stabilization and Conservation Service, Commodity Credit Corporation, United States Department of Agriculture, an agency of the United States, in that, on a form CCC–666, Farm Stored Loan Quantity Certification, and on a form CCC–677 Farm Storage Note and Security Agreement, Arden J. Boll, for Boll Brothers partnership, stated and represented that he had a total quantity for loan purposes of 144,000 bushels of 1984 corn crop stored in two grain bins as collateral pledged to Commodity Credit Corporation for loan no. 439, whereas, in truth and fact, as Arden J. Boll well knew, there were approximately 88,000 bushels of corn stored in the two grain bins.

The plea was accepted and the Debtor was convicted of making a false statement in violation of 18 U.S.C. §§ 1001 and 1002.

### Conclusions of Law

 A plea to a criminal charge resulting in a criminal conviction may work a collateral estoppel in a subsequent civil suit despite the absence of trial. *In re Vandrovec,* 61 B.R. 191 (Bankr.D.N.D.1986). In such cases courts have held that the defendant had a full and fair opportunity to litigate and had a hearing on the issue of

the validity of the guilty plea. *Fontneau v. United States,* 654 F.2d 8 (1st Cir.1981); *Moore v. United States,* 360 F.2d 353 (4th Cir.1965). A guilty plea operates as an admission of every element of the formal criminal charge. *United States v. Twenty Thousand Seven Hundred,* 769 F.2d 479 (8th Cir.1985). A prior criminal proceeding operates as an estoppel in a later civil proceeding so long as the question involved was distinctly put in issue and determined. *McNally v. Pulitzer Pub. Co.,* 532 F.2d 69 (8th Cir.1976); *United States v. Satterfield,* 743 F.2d 827 (11th Cir.1984). Thus, by virtue of collateral estoppel, the requisite elements of a section 523(a)(2)(A) action may be met by a prior plea of guilty providing the charge to which the plea is entered contains the requisite elements of the later civil proceeding. *Vandrovec, supra* at 197.

■ For a debt to be non-dischargeable under section 523(a)(2)(A) the following elements must be established by clear and convincing evidence:

(1) The debtor made representations;

(2) That at the time made he knew them to be false;

(3) That the representations were made with the intent and purpose of deceiving the creditor;

(4) That the creditor relied on the representations;

(5) That the creditor sustained the alleged injury as a proximate result of the representations having been made.

*In re Ophaug,* 827 F.2d 340, 342 (8th Cir. 1987).

■ 18 U.S.C. § 1001 to which the Debtor pled guilty provides:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry [penalty]...."

18 U.S.C. § 1002 which the Debtor also pled guilty to provides:

"Whoever, knowingly and with intent to defraud the United States, or any agency thereof, possesses any false, altered, forged or counterfeited writing or document for the purpose of enabling another to obtain from the United States, or from any agency, officer or agent thereof, any sum of money, [penalty]...."

By pleading guilty to the foregoing sections it is established for purposes of section 523(a)(2)(A) that the Debtor made representations which at the time he knew were false and which he made with the intent of deceiving the Commodity Credit Corporation, an agency of the United States. It is also established both by the plea as well as the stipulation of facts that the misrepresentation made was material and was relied upon by CCC in the consequence of which, CCC extended the Debtor a loan for corn which did not exist resulting in the loss of $149,181.06. Based upon the criminal conviction and the stipulation of facts, this court concludes that each element necessary to a finding of non-dischargeability under section 523(a)(2)(A) has been met.

Accordingly, IT IS ORDERED that the sum of $149,181.06 owing by the Debtor, Arden Joseph Boll, to the United States of America in consequence of loan number 439 is nondischargeable under section 523(a)(2)(A) of the United States Bankruptcy Code.

LET JUDGMENT BE ENTERED ACCORDINGLY.