In re Ronald E. KEENE and Barbara
J. Keene, Debtors.

Erica JOHNSON and Tammy
Wynn, Plaintiffs,

v.

Ronald E. KEENE and Barbara
J. Keene, Defendants.

Bankruptcy No. 89–35706–BKC–RAM.
Adv. No. 90–0073–BKC–RAM–A.

United States Bankruptcy Court,
S.D.Florida.

Dec. 20, 1991.

Lawrence U. Taube, West Palm Beach, Fla., for plaintiffs.

Steven R. Jacob, Boynton Beach, Fla., for defendants.

## SECOND SUPPLEMENTAL MEMORANDUM OPINION

ROBERT A. MARK, Bankruptcy Judge.

Plaintiffs seek a determination that a state court judgment debt owed by defendant, Ronald E. Keene, is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6). The proceeding was tried on March 15, 1990, but for the procedural reasons discussed below, final judgment has not been entered despite the entry of two earlier memorandum opinions. In conjunction with this second supplemental memorandum opinion, the Court will enter a final judgment for the plaintiffs against Ronald E. Keene and a final judgment in favor of defendant, Barbara Keene.

### PROCEDURAL HISTORY

This proceeding was tried on March 15, 1990, before the Honorable William Houston Brown, sitting in this district as a visiting judge. In a Memorandum Opinion issued on March 29, 1990, Judge Brown found that the plaintiffs failed to establish any obligation to them by Barbara Keene, and that therefore, she should receive a discharge as to the claims made by these plaintiffs. That determination is unaffected by subsequent proceedings and final judgment will be entered in her favor.

As to the defendant, Ronald E. Keene, the Court analyzed the preclusive effect of a pre-bankruptcy state court judgment against him. Although the judgment was introduced at the bankruptcy trial, Judge Brown concluded that he could not rely on the judgment alone to preclude relitigation of the dischargeability issues. His order granted plaintiffs twenty (20) days to submit to the Court the record from the state court proceeding including, if available, a transcript of the trial and jury instructions.

The twenty (20) day period expired with no apparent filing of the state court record. As a result, on May 7, 1990, Judge Brown entered a Supplemental Memorandum Opinion and Order on Complaint Objecting to Discharge (CP–10). Without the supplemental record, the Court could not conclusively determine from the record previously presented whether the state court judgment resulted from actual litigation in the state court or whether it was in the nature of a default judgment. Moreover, the Court could not determine whether the standard of proof applied in the state court jury trial was equivalent to the clear and convincing standard then required for bankruptcy dischargeability determinations. *See Chrysler Credit Corp. v. Rebhan,* 842 F.2d 1257, 1262 (11th Cir. 1988).

For these reasons the Court refused to give preclusive effect to the state court judgment against Ronald E. Keene. The Court found that plaintiffs had otherwise failed to meet their burden of proof under §§ 523(a)(2)(A), (a)(4), or (a)(6), and ordered that Keene's debt to the Plaintiffs was dischargeable.

On May 17, 1990, Plaintiffs filed a Motion to Alter or Amend a Judgment, or in the Alternative Motion for Reconsideration. The motion claimed that the state court record had been filed and should have been considered. The Court heard the motion for reconsideration on May 29, 1990, and determined that the state court record had been filed in the main case file (Case No. 89–35706–BKC–RAM), rather than in the adversary file (Case No. 90–0073) as it should have been, and therefore, the Court was not aware of the filing. Finding the

filing mistake excusable, the Court granted the motion for reconsideration and agreed to issue a Second Supplemental Memorandum Opinion after a complete review of the state court record.

The Court has now reviewed the entire record, including the available portions of the state court record and has reviewed the standards for applying collateral estoppel in dischargeability actions. The Court concludes that the judgment debt owed by the defendant to the plaintiffs is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

### FACTUAL BACKGROUND AND STATE COURT JUDGMENT

Plaintiffs allege that in January 1985 they gave the defendants $25,000.00 to purchase an interest in a business known as Pelican Unlimited, Inc., a business brokerage franchise. The plaintiffs claim that the defendants improperly, and without the plaintiffs' consent, withdrew the funds from escrow and purchased another similar business, Business Investors Group, Inc. As framed in the complaint, these facts allegedly establish false pretenses, false representations or actual fraud under 11 U.S.C. § 523(a)(2)(A). In the alternative, the plaintiffs allege that the defendants acted fraudulently and in defalcation of their fiduciary capacity, or that the defendants were guilty of embezzlement or larceny, within the scope of 11 U.S.C. § 523(a)(4). Finally, the plaintiffs allege that the defendants' actions constituted a willful and malicious injury to the plaintiffs' property, thus establishing a basis to except the debt from discharge under 11 U.S.C. § 523(a)(6).

Prior to the bankruptcy filing, the plaintiffs sued Pelican Unlimited, Inc. and Ronald E. Keene in the Circuit Court for Palm Beach County, Florida. On April 26, 1988, judgment was entered after a jury verdict against Pelican Unlimited, Inc. and Ronald E. Keene. (Trial Ex. 1) The judgment provides that the jury "found the Defendants liable for civil theft under Florida Statutes § 812.035 and § 812.014, and thereby found the Defendants liable for theft, larceny and having obtained money

through false pretenses." The $88,605.67 judgment consists of $25,000.00 in actual damages, which were then trebled, plus costs, prejudgment interest and attorney's fees.

Plaintiffs contend that the elements of their dischargeability claims in the bankruptcy court have already been litigated and determined in their favor in the state court. They urge this Court to apply the doctrine of collateral estoppel to preclude relitigating the issues here.

## DISCUSSION

Collateral estoppel or issue preclusion forecloses a relitigation of an issue of fact or law that has been litigated and decided in a prior suit. *In re Stowell*, 113 B.R. 322 (Bankr.W.D.Tex.1990). The principles of collateral estoppel may be applied to foreclose a relitigation of facts in a dischargeability proceeding. *In re Latch*, 820 F.2d 1163 (11th Cir.1987); *In re Halpern*, 810 F.2d 1061 (11th Cir.1987); *In re Held*, 734 F.2d 628 (11th Cir.1984).

In considering the preclusive effect of the prior Florida judgment, the Court must first decide whether to apply the collateral estoppel law of Florida or the federal law of collateral estoppel. Despite some difference of opinion in prior federal decisions, this Court believes the issue is no longer subject to doubt—if the prior judgment was a state court judgment, the collateral estoppel law of that state must be applied. *In re Feldstein*, 93 B.R. 272 (Bankr. M.D.Fla.1988); *Chang v. Daniels (In re Daniels)*, 91 B.R. 981 (Bankr.M.D.Fla. 1988); *Sciarrone v. Brownlee (Matter of Brownlee)*, 83 B.R. 836 (Bankr.N.D.Ga. 1988).

In addition to agreeing with the excellent analysis of Bankruptcy Judges Baines and Bihary in the cited decisions, this Court finds that the Supreme Court's recent decision in *Grogan v. Garner*, — U.S. —, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) further clarified the issue and removed any remaining doubt concerning the law to apply in these circumstances. A review of the Supreme Court's relevant decisions is useful in understanding this Court's conclusion.

The analysis begins with the distinction between the validity of a claim and the dischargeability of that claim. The validity of a creditor's claim is determined by rules of state law. *Grogan v. Garner, supra, citing Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156, 161, 67 S.Ct. 237, 239, 91 L.Ed. 162 (1946). The issue of nondischargeability is a matter of federal law governed by the Bankruptcy Code. As to certain exceptions to discharge, including the §§ 523(a)(2), (a)(4) and (a)(6) claims here, determining dischargeability is within the exclusive jurisdiction of the federal courts. *Id., citing Brown v. Felsen*, 442 U.S. 127, 129–130, 136, 99 S.Ct. 2205, 2208, 2211, 60 L.Ed.2d 767 (1979).

Exclusive federal jurisdiction over the dischargeability determination does not mean federal collateral estoppel law applies in analyzing the preclusive effect of a prior state judgment. That is so because 28 U.S.C. § 1738 normally requires federal courts to give full faith and credit to state court judgments. Does this full faith and credit statute control in considering whether to apply collateral estoppel to issues exclusively within the federal jurisdiction? That question was specifically addressed by the Supreme Court in *Marrese v. American Academy of Orthopedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985).

In *Marrese* the Supreme Court held that under 28 U.S.C. § 1738, a federal court is required to first consider the law of the state in which the judgment was rendered to determine its preclusive effect. 470 U.S. at 375, 105 S.Ct. at 1329. Absent an exception to § 1738, "state law determines at least the issue preclusive effect of a prior state judgment in a subsequent action involving a claim within the exclusive jurisdiction of the federal courts." 470 U.S. at 381, 105 S.Ct. at 1332.

The last step in the analysis is whether an exception to § 1738 would apply. "An exception to § 1738 will not be recognized unless a later statute contains an express or implied repeal." *Marrese*, 470 U.S. at

381, 105 S.Ct. at 1332, quoting from *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 468, 102 S.Ct. 1883, 1890, 72 L.Ed.2d 262 (1982). Thus, the question is—does the Bankruptcy Code impliedly repeal § 1738 and render it inapplicable in determining the issue preclusive effect of a prior state judgment?

In *Brown v. Felsen, supra,* the Supreme Court held that state court judgments do not have res judicata or claim preclusive effect in dischargeability proceedings in the bankruptcy court. In so holding, the Supreme Court impliedly found that § 1738 was inapplicable. The *Brown* Court did not decide whether a bankruptcy court could give collateral estoppel effect to a prior state judgment. 442 U.S. at 139, f.n. 10, 99 S.Ct. at 2213, f.n. 10.

Despite some contrary authority, *see Gregg v. Rahm, (In re Rahm)*, 641 F.2d 755 (9th Cir.1981), *cert. denied* 454 U.S. 860, 102 S.Ct. 313, 70 L.Ed.2d 157 (1981), most circuits including the Eleventh Circuit held that the doctrine of collateral estoppel does apply in dischargeability cases. *Halpern v. First Georgia Bank (In re Halpern)*, 810 F.2d 1061 (11th Cir.1987). In *Grogan v. Garner,* the Supreme Court resolved any remaining doubt. "We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)". —— U.S. at ——, f.n. 11, 111 S.Ct. at 658, f.n. 11, 112 L.Ed.2d at 763, f.n. 11. In so holding, the Supreme Court has impliedly held that the Bankruptcy Code does not preempt the full faith and credit provisions in 28 U.S.C. § 1738 in collateral estoppel determinations.

The analysis is thus complete. Under *Marrese,* state law determines the preclusive effect of a prior state judgment unless an exception to § 1738 applies. Under *Grogan,* no exception exists. This Court therefore looks to Florida law to determine the criteria for use of the judgment to collaterally estop the subsequent litigation of those issues.

■ Under Florida law, to give the Florida state court judgment such a preclusive effect the Court must determine whether the parties are identical, the issues are identical and whether the matter has been fully litigated in a court of competent jurisdiction. *Trucking Employees of North Jersey Welfare Fund, Inc. v. Ramano,* 450 So.2d 843 (Fla.1984); *Mobile Oil Corp. v. Shevin,* 354 So.2d 372 (Fla.1977); *Universal Construction Co. v. City of Ft. Lauderdale,* 68 So.2d 366 (Fla.1953).

The state court judgment found both defendants Ronald E. Keene, individually, and Pelican Unlimited, Inc. liable for civil theft under Florida Statutes § 812.035 and § 812.014. Since the remaining dischargeability claims in this proceeding are against Ronald Keene, the identity of parties determination is obviously satisfied.

The two remaining issues require further analysis. First, were the issues decided by the state court identical to the issues which must be decided to establish a claim under any of the § 523 counts? Second, is it proper to preclude the defendant from defending here when the state court judgment was essentially entered by default? If both of these questions are answered affirmatively, collateral estoppel must be applied.

■ Before analyzing the elements of the dischargeability claims, the standard of proof issue which previously preoccupied bankruptcy courts deserves brief mention. To find the issues decided in the state court identical to those presently before the bankruptcy court, the standard of proof used in the previous court's adjudication must be at least as stringent as that required by the bankruptcy court under § 523. At the March 15, 1990 hearing, this Court questioned whether the standard of proof in the state court action met the clear and convincing standard then applicable to dischargeability determinations under § 523. This concern was part of the Court's basis for ruling against the plaintiffs in its May 7, 1990 Supplemental Memorandum Opinion.

■ After entry of Judge Brown's Supplemental Memorandum Opinion, the Supreme Court unanimously held that the standard of proof for determining the dis-

chargeability of debts pursuant to 11 U.S.C. § 523(a) is by a preponderance of the evidence. *Grogan v. Garner, supra.*[1] Furthermore, in *Grogan,* the Supreme Court stated that Congress had always intended the use of the preponderance standard for § 523 actions. —— U.S. at ——, 111 S.Ct. at 659, 112 L.Ed.2d at 765. Accordingly, it would appear that *Grogan* does apply retroactively and the preponderance standard is applicable here. *See In re Yanks,* 931 F.2d 42 (11th Cir.1991) (applying *Grogan* retroactively).

■ With the standard of proof no longer an issue, the Court must give preclusive effect to the state court judgment if all the elements necessary under either § 523(a)(2)(A), (a)(4) or (a)(6) were at issue in the state court case and "actually litigated" in the plaintiffs' favor.

### The Civil Theft Judgment Established Willful and Malicious Injury Under § 523(a)(6)

■ As discussed earlier, the issue of nondischargeability is a matter of federal law governed by the terms of the Bankruptcy Code. *Grogan, supra, citing Brown v. Felsen,* 442 U.S. 127, 129–130, 136, 99 S.Ct. 2205, 2208, 2211, 60 L.Ed.2d 767 (1979). Therefore, the dischargeability of a debt can never be precisely at issue in a non-bankruptcy lawsuit. Nevertheless, a bankruptcy court can and must give collateral estoppel effect to those elements of the non-bankruptcy claim that are identical to the elements required for discharge and which were actually litigated and determined in the prior action. *Id.*

■ Here, the elements which the state court had to find to enter judgment against Keene for civil theft are identical to the elements necessary to prove willful and malicious injury to the plaintiffs or their property under § 523(a)(6). The state court final judgment entered pursuant to a jury verdict found the defendant, Ronald E.

Keene, liable for civil theft under Fla.Stat. §§ 812.035(7) and 812.014(1) (1985).[2] Florida Statute § 812.035(7) (1985) provides as follows:

> (7) Any person who is injured in any fashion by reason of any violation of the provisions of §§ 812.012–812.037 or section 812.081 has a cause of action for three-fold the actual damages sustained * * *

In the prior state case at issue here, the plaintiffs' civil theft claim arose from the defendants' alleged violation of Florida's criminal theft statute, § 812.014. Fla.Stat. 812.014(1) (1985) provides:

> (1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with *intent* to, either temporarily or permanently:
>
> (a) Deprive the other person of a right to the property or a benefit therefrom.
>
> (b) Appropriate the property to his own use or to the use of any person not entitled thereto.

Under § 523(a)(6), a debt is excepted from discharge if it is based on a willful and malicious injury by the debtor to another entity or to its property. "The word 'willful' means 'deliberate and intentional' ". *In re Scotella,* 18 B.R. 975, 977 (Bankr.N.D.Ill.1982).

" 'Malicious,' as used in § 523(a)(6), means 'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill will.' "; *Scotella,* 18 B.R. at 977. *See also,* 3 LAWRENCE P. KING et al., COLLIER ON BANKRUPTCY, Paragraph 523.16[1], at 523–129 to 523–134 (15th ed. 1991).

There is no doubt in this Circuit that the definition of willful and malicious under the Bankruptcy Code is encompassed by the requirement of criminal intent in the civil theft statute. The Eleventh Circuit has specifically ruled on the issue. *Sunco*

---

1. This standard is lower than the clear and convincing standard previously established by the Eleventh Circuit Court of Appeals. *See e.g. Chrysler Credit Corp. v. Rebhan,* 842 F.2d 1257, 1262 (11th Cir.1988). In *Grogan* the Supreme

Court resolved the split of authority on this issue.

2. In 1987, Fla.Stat. § 812.035(7) was amended to eliminate a private right of action.

*Sales, Inc. v. Latch,* 820 F.2d 1163 (11th Cir.1987).

In the *Latch* case, a state court jury found the Latches guilty of civil theft pursuant to Fla.Stat. § 812.014(1) & (2). The Latches filed for bankruptcy protection, and the plaintiff in the state court case brought a complaint pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6) to except the state court judgment from discharge. The bankruptcy judge found the debt to be dischargeable. The district court reversed. On appeal the Eleventh Circuit determined that the statutory language in Chapter 812, Florida Statutes, requires intent to do a wrongful act, and not mere negligence or recklessness. *Id.* at 1165. Upon reviewing Florida case law, the Court confirmed that liability under the Florida Statute must be based on *criminal intent. See e.g., State v. Dunmann,* 427 So.2d 166, 169 (Fla.1983); *Bertoglio v. American Savings & Loan Association of Florida,* 491 So.2d 1216, 1217 (Fla. 3d DCA 1986); *Rosen v. Marlin,* 486 So.2d 623, 625 (Fla. 3d DCA 1986).

Based upon its analysis of the intent required to sustain a civil theft claim the *Latch* court held that "one can conclude from the fact of conviction for civil theft that the Latches were willful and malicious in their actions." 820 F.2d at 1166. Moreover, since the civil theft judgment unambiguously established that the debtors' conduct was willful and malicious, the "bankruptcy judge was bound to give collateral estoppel effect to that fact finding." *Id.* *See also In re Scarfone,* 132 B.R. 470 (Bankr.M.D.Fla.1991).

Applying the *Latch* decision to the facts presented here, there is no doubt that the elements of a section 523(a)(6) claim were "unambiguously established" in the state court case. As in *Latch,* the state court final judgment here was based on a jury verdict that Keene violated Florida's civil theft statute. Therefore, the willful and malicious element of section 523(a)(6) is satisfied. Furthermore, the judgment found that Keene "obtained [the plaintiffs' money] through false pretenses." Thus, the defendant's actions caused injury to the plaintiffs or their property as required by

§ 523(a)(6). In sum, the state court judgment in this case, as in *Latch,* decided all of the issues necessary to prove an exception to discharge under section 523(a)(6). Thus, collateral estoppel must be applied and the state court judgment must be given preclusive effect if the final determination is met—was the state court action actually litigated?

### The State Court Action Was "Actually Litigated"

 Since Florida law applies in analyzing whether the elements of collateral estoppel are met, we must also apply Florida law in determining whether the state court judgment was "actually litigated." Under Florida law, a default judgment entered by a court of competent jurisdiction is just as conclusive as one which was hotly contested and is not amenable to collateral attack. *Cabinet Craft, Inc. v. A.G. Spanos Enterprises, Inc.,* 348 So.2d 920 (Fla. 2d DCA 1977); *Ennis v. Giblin,* 147 Fla. 113, 2 So.2d 382 (1941). *See In re Marsowicz,* 120 B.R. 602 (Bankr.S.D.Fla.1990).

The defendant here had an opportunity to litigate his case and chose not to proceed. Mr. Keene testified before this Court that he did not attend the state court trial, but was aware of the trial and originally was represented by counsel who later withdrew. Following the withdrawal of his counsel, Mr. Keene testified that based upon advice from a state court clerk, he believed he could not represent himself in the state court litigation. There is no evidence that Mr. Keene resisted this advice or sought a judicial determination of its accuracy. Mr. Keene simply chose not to appear at the state court jury trial.

Finally, although a state court transcript does not exist, it is apparent to this Court, after a thorough review of the entire available record, that the plaintiffs were required to put on a prima facie case before the jury. There was litigation in the state court, and Mr. Keene had notice and an opportunity to participate. Under Florida law, that is sufficient. Therefore, the Court finds that the state court litigation

was "actually litigated" for collateral estoppel purposes.

## CONCLUSION

The state court judgment involved the same parties before the Court in this adversary proceeding. The state court lawsuit was actually litigated, and the issues tried in the state court conclusively established each of the elements under § 523(a)(6). Therefore, this Court must and does give preclusive effect to the state court judgment and finds the debt owed by defendant, Ronald E. Keene, to plaintiffs, Erica Johnson and Tammy Wynn, to be nondischargeable under 11 U.S.C. § 523(a)(6).

The Court finds it unnecessary to consider whether the debt would also be nondischargeable under 11 U.S.C. § 523(a)(2)(A) or (a)(4) and does not reach those issues in this opinion. A separate judgment will be entered excepting this debt from discharge in accordance with Bankruptcy Rules 7068 and 9021.