In re Patrick M. ROEHRICH, Debtor.

Charles ERICKSON, Karen Erickson, Clay Erickson, & Krisha Erickson, Plaintiffs,

v.

Patrick M. ROEHRICH, Defendant.

Bankruptcy No. 93–31084.
Adv. No. 94–7014.

United States Bankruptcy Court, D. North Dakota.

June 20, 1994.

William C. Severin, Bismarck, ND, for defendant.

Rodney K. Feldner, Mandan, ND, for plaintiffs.

## MEMORANDUM & ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The plaintiff-creditors, Charles Erickson, Karen Erickson, Clay Erickson, and Krisha Erickson (Ericksons), commenced the above-entitled adversary proceeding by Complaint filed on March 3, 1994, seeking a determination that any actual and exemplary damages which ultimately flow from a pending state court action be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(6). The plaintiffs allege that their contingent claim, which arose from the defendant's prepetition theft of four horses, constituted a "willful and malicious injury by the debtor" and is therefore barred from discharge. The defendant-debtor, Patrick M. Roehrich (Roehrich), essentially concedes that his conduct was "willful", but denies that it was "malicious" within the meaning of the applicable statutory provision. The defendant accordingly avers that any obligation stemming from his prepetition conduct should be amenable to discharge.

Trial was held on June 14, 1994. From the evidence presented and arguments advanced, the court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The material facts of this case are undisputed. On or about March 9, 1993, Patrick M. Roehrich and Travis Glass (Glass) stole four horses from the Ericksons. The horses were grazing in a pasture that was either owned or rented by the Ericksons at the time. Roehrich and Glass lured the horses with oats and, after fitting them with halters, loaded them into a trailer. The horses were subsequently transported to a livestock auction house in Minnesota and offered for sale. After unloading the horses, Roehrich noticed that one of the four horses was branded.[1] Roehrich therefore decided not to sell that horse, but sold the remaining horses. The unsold horse was reloaded into the trailer and subsequently released on a highway.

Both Roehrich and Glass were apprehended by law enforcement officials a little over a month after the horses were stolen. Roehrich pled guilty to the crime of theft as outlined in the criminal information. On March 21, 1994, the district court for the South Central Judicial District of North Dakota entered a criminal judgment against the debtor convicting him of the crime of theft of property, which is a Class C Felony, under section 12.1-23-02 of the North Dakota Century Code. See Exhibits D-1 & 6. See also Exhibit 7. After sentencing, the plaintiffs commenced a civil action in state court seeking to recover both actual and exemplary damages. The state court action was abruptly halted on December 30, 1993, when the debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

Roehrich readily concedes stealing the horses and pleading guilty to the aforementioned offense, but denies that his conduct was "malicious" since he bore no ill will toward the plaintiffs. He further avers that he did not intend to cause harm to anyone, but merely needed the money. Roehrich testified that he was not acquainted with the Ericksons prior to the theft and never really thought about the effect that the theft of the horses would have on the owners.

### CONCLUSIONS OF LAW

Although the issue of nondischargeability is a matter of federal law that is governed by the terms of the Bankruptcy Code, an issue that has been previously adjudicated under state law in a prior criminal or

---

1. In order to sell a branded horse, a "brand release" from the owner is apparently necessary.

civil action may be treated as conclusive of an issue in subsequent litigation under § 523. *Federal Deposit Ins. Corp. v. Wright (In re Wright)*, 87 B.R. 1011, 1016–17 (Bankr.D.S.D. 1988). This court has previously ruled that:

> A plea to a criminal charge resulting in a criminal conviction may work a collateral estoppel in a subsequent civil suit despite the absence of trial. In such cases courts have held that the defendant had a full and fair opportunity to litigate and had a hearing on the issue of the validity of the guilty plea. *A guilty plea operates as an admission of every element of the formal criminal charge.* A prior guilty plea operates as an estoppel in a later civil proceeding so long as the question involved was distinctly put in issue and determined. Thus, by virtue of collateral estoppel, the requisite elements of a section 523 ... action may be met by a prior plea of guilty providing the charge to which the plea is entered contains the requisite elements of the later ... proceeding.

*United States v. Boll (In re Boll)*, 82 B.R. 107, 108–09 (Bankr.D.N.D.1987) (emphasis added & citations omitted). *Cf. Sunco Sales, Inc. v. Latch (In re Latch)*, 820 F.2d 1163, 1165–63 (11th Cir.1987); *Johnson v. Keene (In re Keene)*, 135 B.R. 162, 167–68 (Bankr. S.D.Fla.1991); *Tague & Beem, P.C. v. Tague (In re Tague)*, 137 B.R. 495, 502–03 (Bankr. D.Colo.1991); *American Nat'l Bank v. Cooper (In re Cooper)*, 125 B.R. 777, 780–81 (Bankr.N.D.Ill.1991). In the case at bar, the elements which the state district court had to find in order to enter a judgment against Roehrich for criminal theft are essentially identical to the elements necessary to establish a "willful" and "malicious" injury to the plaintiffs or their property under § 523(a)(6).

The final judgment entered by the state court pursuant to a plea by the debtor found him guilty of criminal theft under § 12.1–23–02 of the North Dakota Century Code. Section 12.1–23–02 provides:

> A person is guilty of theft if he:
> 1. *Knowingly* takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another *with the intent to deprive* the owner thereof;
> 2. *Knowingly* obtains the property of another by deception or by threat *with the intent to deprive* the owner the owner thereof, or *intentionally deprives* another of his property by deception or by threat; or
> 3. *Knowingly* receives, retains, or disposes of property of another which has been stolen, *with the intent to deprive* the owner thereof.

N.D.Cent.Code § 12.1–23–01 (1985) (emphasis added). Although the *mens rea* for each subsection is identical, it is subsection 1 that the debtor was charged with and presumably convicted of. *See* Exhibit 7. Three elements must exist under subdivision 1 in order to establish theft of property: "(1) knowingly (2) takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another (3) with intent to deprive the owner thereof." [2] *State v. Johnson*, 425 N.W.2d 903, 905 (N.D. 1988). In setting forth its articulation of the statutory elements, the district court which reviewed the defendant's conviction in this case stated that "the crime of theft requires a deliberate and willful act, accompanied by a criminal motive." Exhibit 5.

■ 11 U.S.C. § 523(a)(6) excepts from discharge *any debt* "for *willful and malicious* injury by the debtor to another entity or to the property of another...." 11 U.S.C. § 523(a)(6) (emphasis added). Since it is the nature of the act or conduct which gives rise to liability that is determinative under § 523(a)(6), both *compensatory* and *punitive* damages which result from a willful

---

**2.** The most analogous corollary of criminal theft in the civil arena is the tort of "conversion", which is generally defined as the unauthorized assumption and exercise of ownership over the personal property of another to the exclusion of the rights of the owner. *Dahlgren & Co. v. Lacina (In re Lacina)*, 162 B.R. 267, 273 (Bankr. D.N.D.1993). It is uniformly held that the "con-version of another's property without his knowledge or consent, done intentionally and without justification and excuse, to the other's injury, is a willful and malicious injury within the meaning of" § 523(a)(6). 3 *Collier on Bankruptcy* ¶ 523.-16, at 523–130 (15th ed. 1994). *See In re Lacina*, 162 B.R. at 272–73.

and malicious injury are nondischargeable in this circuit. *Johnson v. Miera (In re Miera),* 926 F.2d 741, 745 (8th Cir.1991). The terms "willfulness" and "maliciousness" which reference the state of mind of a wrong-doer in creating a nondischargeable debt, each constitute a separate element that must be established by a preponderance of the evidence.

The element of "willfulness" is defined as conduct that is deliberate or intentional. *In re Miera,* 926 F.2d at 744. Conduct that is merely negligent or reckless is insufficient. *Id. See Barclays American/Business Credit, Inc. v. Long (In re Long),* 774 F.2d 875, 880–81 (8th Cir.1985). The Eighth Circuit Court of Appeals has further clarified the "willfulness" requirement by opining that it is conduct which is "headstrong and *knowing*". *In re Long,* 774 F.2d at 881 (emphasis added).

The "maliciousness" element of § 523(a)(6) requires a heightened level of culpability which transcends mere willfulness. In the Eighth Circuit, a debtor's conduct is malicious if it is "targeted at the creditor ... at least in the sense that the conduct is certain or almost certain to cause financial harm." *Id.* The malice standard *does not* require spite, ill will, or a personal animosity. *Dahlgren & Co. v. Lacina (In re Lacina),* 162 B.R. 267, 275 (Bankr.D.N.D. 1993). A wrongful act is malicious if it is "done intentionally, without just cause or excuse, and with the intent to injure" or there exists a "knowing wrongfulness or knowing disregard of the rights of another." *Id.* (quoting *Skaarer v. Fercho (In re Fercho),* 39 B.R. 764, 767 (Bankr.D.N.D.1984)). The malice element therefore tests whether the debtor's actions were in fact, or should have reasonably been recognized to be, certain to cause harm to the plaintiffs when undertaken. *Id.* In this vein, a debtor is charged with the natural consequences of his actions; therefore, an act may readily be found to be "malicious" even in the absence of a specific, subjective intent to injure. *Id.*

Based upon an analysis of the intent requirement necessary to sustain a conviction for theft of property under § 12.1–23–01 of the North Dakota Century Code, there can

be no doubt that the definition of "willful" and "malicious" under the Bankruptcy Code is encompassed by the requirement of criminal intent under the state theft statute. Accordingly, the elements of a § 523(a)(6) claim were unambiguously and conclusively established when the debtor pled guilty to, and was convicted of, theft of property under the aforementioned section.

Accordingly, and for reasons stated, **IT IS HEREBY ORDERED** that judgment be entered in favor of the plaintiff-creditors, Charles Erickson, Karen Erickson, Clay Erickson, and Krisha Erickson, and against the defendant-debtor, Patrick M. Roehrich, so that any compensatory or punitive damages ultimately awarded to the plaintiffs on account of their unliquidated and contingent state court claim be declared nondischargeable in bankruptcy.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**