In re Christie Carmen **MARTINO,**
Jr., Debtor.

**Shelly LUDWIG, plaintiff,**

v.

**Christie Carmen MARTINO,**
**Jr., defendant.**

**Bankruptcy No. 97–03995–3P7.**
**Adversary No. 97–306.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

April 6, 1998.

---

David E. Otero, Jacksonville, FL, for Plaintiff.

Jason B. Burnett, Jacksonville, FL, for Defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court on Plaintiff's Motion for Summary Judgment to Determine the Dischargeability of a Debt. A hearing was held on March 12, 1998. On the evidence presented, the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The plaintiff seeks a determination that the debt owed to her by the defendant is not dischargeable under 11 U.S.C. § 523(a)(6).

2. In 1990, the plaintiff filed a lawsuit against the defendant in the State of Minnesota, Hennepin County District Court (the "Lawsuit"). The Lawsuit contained counts against the defendant for sexual harassment, sexual discrimination, intentional infliction of emotional distress, and defamation.

3. A jury trial was concluded on April 10, 1992. The jury returned a special verdict in favor of the plaintiff on the sexual harassment, sexual discrimination, and defamation counts and awarded punitive damages.

4. On June 12, 1992, the Minnesota state court entered its Findings of Fact and Conclusions of Law and Order for Judgment (the "State Court Decision"). A certified copy of the State Court's Decision was filed in support of the plaintiff's motion for summary judgment and provides in part:

### FINDINGS OF FACT

7. During the course of her employment, plaintiff was subjected to acts by defendant Christie Martino, defendant's general manager, David Graw, and others, including but not limited to comments of a sexual nature directed toward plaintiff and other females, abusive and obscene language, the showing of sexually explicit films during working hours, the hiring of a stripper to perform on the premises during working hours and other inappropriate conduct and communication of a sexual nature. This conduct was not encouraged or welcomed by the plaintiff.

10. As a result of defendants' conduct, plaintiff suffered emotional distress and resulting physical symptoms, including hair loss, weight loss, anxiety, sleeplessness and the onset of shingles.

### CONCLUSIONS OF LAW

5. The harassment complained of by the plaintiff substantially interfered with her employment and created an intimidating, hostile and offensive working environment.

9. defendants acted with a willful indifference to the rights of the plaintiff with respect to plaintiff's claim of sexual harassment.

10. This Court incorporates the findings of the jury with respect to plaintiff's claims for wage and hour violations, negligent infliction of emotional distress, intentional infliction of emotional distress, defamation, and punitive damages on the claims of wage and hour violations and defamation as set forth in questions 10 through 22 of the Special Verdict form, a copy of which is attached hereto.

### MEMORANDUM

The amount of $50,000 awarded as a civil penalty reflect this Court's determination that the conduct of the Defendants', culminating in this suit, was the most egregious conduct this Court has seen in an employment setting. That the conduct was not merely an isolated incident or two, but permeated the work atmosphere, and included such incidents as a stripper for hire, the use of pornographic materials and explicitly suggestive music, and the quality of

language used, warrants the award of a substantial amount of civil penalties. It is clear to this Court that the jury was similarly appalled by the environment and the Court has considered this as well in determining an amount to award as penalties.

5. Pursuant to the State Court Decision, the plaintiff currently is owed $427,515.57 plus interest.

6. The defendant did not file an affidavit opposing the plaintiff's motion for summary judgment.

## CONCLUSIONS OF LAW

For purposes of this motion, the plaintiff solely relies on the State Court Decision. The defendant does not dispute the authenticity of the State Court Decision. Thus, the only issue for the Court to decide is whether summary judgment in favor of the plaintiff is appropriate in this § 523(a)(6) proceeding based on the State Court Decision.

### A. Summary Judgment Standard

Plaintiff filed her motion for summary judgment pursuant to Federal Rule of Bankruptcy Procedure 7056. Federal Rule of Bankruptcy Procedure 7056 incorporates Federal Rule of Civil Procedure 56, and provides that summary judgment "shall be rendered forthwith if ... there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Court recited the standard for considering a motion for summary judgment in *In re Macks*, 167 B.R. 254, 256 (Bankr.M.D.Fla.1994). In *Macks*, the Court stated:

This standard has been interpreted by the Supreme Court to mean:

'Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The facts in dispute must be *critical* to the outcome of the case and the dispute must be *genuine*, such that the evidence could support a verdict in favor of the non-moving party. *Id.* at 248, 106 S.Ct. at 2510;

*see also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party moving for summary judgment has the burden of demonstrating that no genuine issue as to any material fact exists, and that it is entitled to judgment as a matter of law. *Celotex Corp., supra*, 477 U.S. at 323, 106 S.Ct. at 2552, *Adickes v. S.H. Kress & Co.* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Gulfstream Land and Development v. Commissioner*, 71 T.C. 587, 596, 1979 WL 3690 (1979). Further, the facts relied upon by the moving party must be viewed in the light most favorable to the non-moving party so that any doubt as to the existence of a genuine issue of material fact will be resolved in favor of denying the motion. *Adickes v. S.H. Kress & Co., supra; United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

In opposing a motion for summary judgment, the other party may not simply rest upon mere allegations or denials of the pleadings: after the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact, the other party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp., supra*, [477 U.S.] at 324, 106 S.Ct. at 2553.

Nevertheless, the motion must be granted if the Court is satisfied that no real factual controversy is present, so that the remedy can serve 'its salutary purpose in avoiding a useless, expensive and time consuming trial where there is no genuine, material issue to be tried.' *Lyons v. Board of Education*, 523 F.2d 340 (8th Cir.1975).

The standard for ruling on summary judgment motions 'mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judgment must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

In view of the Supreme Court's interpretation of the summary judgment standard under F.R.C.P. 56, this Court should enter summary judgment in favor of the Plaintiff if the State Court Decision entitles the plaintiff to judgment as a matter of law.

### B. Res Judicata, Collateral Estoppel and Issue Preclusion

■ The motion is based entirely on the State Court Decision. A final determination on the merit bars further claims by the parties based on the same set of facts. Res judicata not only bars matters actually litigated in a prior action but also bars "any other admissible matter which might have been offered for that purpose. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever ..." *In re Grassgreen,* 177 B.R. 976, 982 (Bankr.M.D.Fla.1995).

In *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), the United States Supreme Court held that collateral estoppel principles apply in discharge exception proceedings pursuant to § 523(a). Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a "full and fair opportunity" to litigate that issue in an earlier case. *Allen v. McCurry,* 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980);

Under federal issue preclusion rules, a federal judgment collateral estops relitigation of the issue in a subsequent proceeding where (i) the issue to be precluded has actually been litigated in the prior proceeding; (ii) determination of the issue in the prior litigation is critical and necessary to the judgment in that earlier action; (iii) the issue to be precluded is identical to the one involved in the prior action; and (iv) the burden of persuasion in the discharge proceeding must not be significantly heavier than the burden of persuasion in the initial action. *St. Laurent v. Ambrose,* 991 F.2d 672, 676 (11th Cir. 1993); *see In re Halpern,* 810 F.2d 1061, 1064 (11th Cir.1987); *In re Latch,* 820 F.2d 1163, 1166 (11th Cir.1987).

In this proceeding, the only issue is whether the defendant willfully injured the plaintiff. In the state court case, the plaintiff and defendant were parties. The issue of whether the defendant willfully injured the plaintiff was actually litigated and was identical to the issue involved in this proceeding. The determination of whether the defendant willfully injured the plaintiff was critical and necessary to the State Court Decision. Finally, the standard of proof in the state court case was the same except for the punitive damage claim ("clear and convincing evidence"), which actually exceeded the standard in this proceeding. Accordingly, the defendant may not relitigate the issues already decided in the State Court Decision. Having determined the plaintiff may rely on the State Court Decision in support of her motion, the Court now will examine the content of the State Court Decision in light of § 523(a)(6).

### C. Application of the State Court Decision to 11 U.S.C. § 523(a)(6)

The plaintiff's complaint is based on 11 U.S.C. § 523(a)(6). The "discharge does not discharge an individual debtor from any debt ...for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The Eleventh Circuit has interpreted § 523(a)(6) to require a plaintiff to show not only that the debtor's action was willful, but in addition, that the debtor must have committed the acts with actual intent to cause injury. *In re Walker,* 48 F.3d 1161 (11th Cir.1995). The Eleventh Circuit interpretation of § 523(a)(6) was recently confirmed by the Supreme Court in *Kawaauhau v. Geiger,* —— U.S. ——, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

■ The State Court Decision establishes the willful and malicious injury caused by defendant to the plaintiff. First, the State Court Decision awarded damages to the plaintiff based on the defendant's sexual harassment. Pursuant to § 523(a)(6), a judgment arising out of a sexual harassment claim is excepted from discharge when it constitutes an obligation stemming from a willful and malicious injury. *In re Gee,* 173

B.R. 189, 192–93 (9th Cir. BAP 1994). Likewise, a claim arising from a civil rights judgment against a debtor may not be discharged where there is evidence that the debtor unnecessarily injured the creditor. *In re Stillwell*, 96 B.R. 102, 104 (Bankr.W.D.Ky.1988). The State Court Decision discusses the sexual harassment which plaintiff was forced to endure on an extended, repeated basis. Defendant "acted with a willful indifference to the rights of the plaintiff with respect to plaintiff's claim of sexual harassment." The "intimidating, hostile and offensive work environment" created by defendant forced plaintiff to suffer physical symptoms including hair and weight loss, anxiety, sleeplessness and shingles. The Court finds that the sexual harassment which plaintiff was forced to endure arose from willful and malicious injury caused by the defendant.

■ Second, in addition to the sexual harassment claims, the State Court Decision awarded damages to the plaintiff based on the defendant's defamation of the plaintiff. Libelous statements which result in a judgment generally may not be discharged in bankruptcy. *See e.g. In re Ellerbee*, 177 B.R. 731, 742–44 (Bankr.N.D.Ga.1995). Based on the State Court Decision, the Court finds that the defendant's defamation of the plaintiff was willful and malicious.

■ Third, the State Court Decision also awarded punitive damages to plaintiff for defendant's conduct. By definition, punitive damages are indicative of willful and malicious injury which preclude discharge of the debt. An award of punitive damages generally precludes the discharge of the underlying debt. *See In re Greene*, 150 B.R. 282, 287 (Bankr.S.D.Fla.1993); *In re Miera*, 926 F.2d 741, 745 (8th Cir.1991). The punitive damage award in the State Court Decision demonstrates that the state court found that the conduct of defendant caused willful and malicious injury to plaintiff. This Court agrees.

The defendant relies on the Eleventh Circuit precedent that provides that a prior finding of "reckless indifference" or "reckless disregard" is not enough to lead to summary judgment based on collateral estoppel in a § 523(a)(6) proceeding. *See, e.g. In re Held*,

734 F.2d at 629; *In re Wrenn*, 791 F.2d 1542, 1544 (11th Cir.1986); *In re Latch*, 820 F.2d 1163, 1165 (11th Cir.1987); *In re Walker*, 48 F.3d at 1165.

The cases cited by defendant are distinguished from this proceeding because those decisions were based upon the trial court's finding of "recklessness". The State Court Decision was based on willful and intentional acts, not reckless acts. The State Court Decision shows that the defendant caused the plaintiff to suffer willful and malicious injuries based on sexual harassment and defamation. In view of the severity of the offenses, the State Court Decision includes punitive damages.

The Eleventh Circuit in *Latch* distinguished that case from *Held* because the damages in *Held* could have been awarded on the basis of recklessness. *Latch*, 820 F.2d at 1166. Likewise, this proceeding is distinguished from *Held* and its progeny. The State Court Opinion was not based on recklessness in this proceeding.

### CONCLUSION

The Court finds that it should enter summary judgment in favor of the plaintiff because the State Court Decision entitles the plaintiff to judgment as a matter of law. 11 U.S.C. § 523(a)(6) requires the plaintiff to show that the defendant intentionally and maliciously caused the plaintiff to be injured. The plaintiff relied exclusively on the State Court Decision to make the required showing. The plaintiff was entitled to do so under the doctrines of res judicata, collateral estoppel and issue preclusion. Based on the State Court Decision, the Court holds that the debt owed to her by the defendant is not dischargeable under 11 U.S.C. § 523(a)(6). Accordingly, the Court grants Plaintiff's Motion for Summary Judgment. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.