Stanley MAZURCZYK,

v.

Daniel E. O'NEIL.

No. 99–04276.

United States Bankruptcy Court,
D. Massachusetts.

Oct. 11, 2001.

Jon H. Kurland, Kurland & Grossman, PC, Chelmsford, MA, for Stanley Mazurczyk.

Maurice P. Mason, Jr., Lowell, MA, for Daniel E. O'Neil.

## *MEMORANDUM OF DECISION*

JOEL B. ROSENTHAL, Bankruptcy Judge.

Before the Court for determination is a Complaint, pursuant to 11 U.S.C. § 523(a)(6),[1] filed by Stanley Mazurczyk (the "Plaintiff") against Daniel O'Neil (the "Debtor") seeking nondischargeability of a debt evidenced by a judgment obtained by the Plaintiff against the Debtor in state court. The state court judgment was based on the Debtor's act of illegally tape recording oral conversations he had with the Plaintiff in violation of MASS. GEN. LAWS ch. 272, § 99.[2] The issue before the Court is whether a state court's finding that the Debtor secretly tape recorded oral communications in violation of MASS. GEN. LAWS ch. 272, § 99 constitutes a "willful and mali-

---

1. Section 523(a)(6) of the Bankruptcy Code provides, in pertinent part, that "[a] discharge ... does not discharge an individual debtor from any debt—for willful and malicious injury by the debtor to another entity or to the property of another entity."

2. Massachusetts General Laws, chapter 272, § 99 provides in pertinent part: "Any aggrieved person whose oral or wire communications were intercepted, disclosed or used except as permitted or authorized by this sec-

tion or whose personal or property interest or privacy were violated by means of an interception except as permitted or authorized by this section shall have a civil cause of action against any person who so intercepts, discloses or uses such communications ... and shall be entitled to recover from any such person—1. actual damages ...; 2. punitive damages; and 3. a reasonable attorney's fees ..."

cious injury" rendering the judgment non-dischargeable under Section 523(a)(6).

## I. BACKGROUND

The material facts are not disputed.

The Debtor and the Plaintiff, who are neighbors, have a history of ongoing disputes.[3] On August 9, 1998, the Debtor and the Plaintiff were having discussions on their respective properties when an argument ensued. The Debtor recorded the aforementioned discussions with a tape recorder that was placed inside his shirt pocket. The Plaintiff proceeded to assault the Debtor with a fishing net. Thereafter, the Debtor called the Chelmsford Police Department and filed a report of assault and battery against the Plaintiff. When the police officer arrived at the scene, the Debtor told the officer about the tape recording.

The Plaintiff was subsequently charged with assault and battery with a dangerous weapon in the Lowell District Court, Case No. 98–11 CR 5694, in violation of MASS. GEN. LAWS ch. 265, § 15A. Thereafter, the Debtor proffered the tape to the Middlesex County District Attorney's Office to prove that the Plaintiff assaulted him. After a jury trial, however, the Plaintiff was found not guilty of assault and battery by means of a dangerous weapon.

Thereafter, the Plaintiff filed a civil action in the Lowell District Court against the Debtor for violating MASS. GEN. LAWS ch. 272, § 99. Shortly after such civil action was commenced, the Debtor filed for protection pursuant to Chapter 7 of the Bankruptcy Code, which filing automatically stayed the state court claim under 11 U.S.C. § 362. An adversary proceeding was filed by the Plaintiff seeking the determination as to the dischargeability of

his claim against the Debtor pursuant to 11 U.S.C. § 523(a)(6). This Court lifted the automatic stay so that the state court civil action could proceed.

The Lowell District Court issued a Judgment relative to the civil action, Court No. 9911 CV 675, finding the Debtor liable for illegally tape recording the Plaintiff's oral communications in violation of MASS. GEN. LAWS ch. 272, § 99. Said state court also awarded the Plaintiff damages in the sum of $16,033.81.

The Plaintiff filed a Motion for Summary Judgment on January 31, 2000. In conjunction with the lift stay motion, this Court continued such Motion generally pending resolution of the state court case. After the state court judgment, the Plaintiff renewed his Motion for Summary Judgment. This Court heard oral arguments pertaining to the Plaintiff's Motion for Summary Judgment and took the matter under advisement.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr.P. 7056(c); Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The opponent of a properly focused Rule 56 motion must demonstrate, by competent evidence, the existence of a triable issue which is both genuine and material to its claim. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Garside*

---

**3.** At the time of the incident at issue, the parties were before the Chelmsford Conserva-

tion Commission because of incidents that have transpired between them.

*v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir.1990).

This Court must view the record in the light most favorable to the party opposing summary judgment and make all reasonable inferences in that party's favor. *Newport Plaza Assoc., L.P. v. Durfee Attleboro Bank*, 985 F.2d 640, 643 (1st Cir. 1993); *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990).

In the case at bar, the parties agree that the issues should be determined on summary judgment as there are no genuine issues of material fact and the determination is solely one of law.

## III.  DISCUSSION

■ The state court judge adopted all of the Plaintiff's proposed findings and found (1) that the Debtor "deliberately and intentionally tape recorded oral communications with the Plaintiff" without his "prior authority or consent"; (2) that the tape recording "was done in an unjustifiable disregard of [the Debtor's] duty to refrain from violating [Plaintiff's] right to privacy"; and, (3) that the tape recording was "willful and malicious." The state court also found that the Debtor's intent in recording the conversation was "not to injure the plaintiff, but to create an accurate record." The Debtor argues that since the state court found that he did not intend to injure the Plaintiff, he cannot have acted "willfully or maliciously" within the meaning of 11 U.S.C. § 523(a)(6).

■ At first blush, it appears as if the state court's findings are inconsistent since that court found both that the tape recording was willful and malicious and that the Debtor did not intend to injure the Plaintiff. However, the state court's findings are not inconsistent; an intent to injure is not required for an act to be willful and malicious. "An injury to an entity or property may be a malicious injury within [11

U.S.C. § 523(a)(6) ] if it was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or illwill." *Printy v. Dean Witter Reynolds,* 110 F.3d 853, 859 (1st Cir.1997), citing 4 Collier on Bankruptcy P. 523.12 (15th ed.1996) (footnotes omitted). "While something more than a mere voluntary act is necessary to satisfy the scienter requirement of section 523(a)(6), specific intent to injure is not necessary... An injury inflicted willfully and with malice under section 523(a)(6) is one inflicted intentionally and deliberately, and either with the intent to cause the harm complained of, or in circumstances in which the harm was certain or almost certain to result from the debtor's act." *Id.* Therefore, for a debt to be nondischargeable under 11 U.S.C. § 523(a)(6), the debtor does not have to possess the intent to injure.

■ Pursuant to Section 523(a)(6) of the Bankruptcy Code, there are three elements that need to be satisfied before a debt can be determined nondischargeable. First, the Debtor's actions need to be willful. Second, the Debtor's actions need to be malicious. Finally, the Debtor must have caused injury to another entity or to the property of another entity.

### 1. Willful

■■ The first element that needs to be satisfied under Section 523(a)(6) is that the Debtor acted willfully. The term "willful" means deliberate or intentional. *Lubanski v. Lubanski (In re Lubanski)*, 186 B.R. 160, 164 (Bankr.D.Mass.1995), and cases cited therein (by the Debtor being found liable for violating M.G.L. ch. 272, § 99 by secretly tape recording the plaintiff, the debtor's actions were willful and malicious). The Plaintiff must prove intent to do an act that necessarily leads to an injury. *Id.* at 164.

In *Lubanski*, a case substantially similar to the case at bar, the court concluded that a finding that a debtor violated MASS. GEN. LAWS ch. 272, § 99 by intentionally installing an eavesdropping device to monitor conversations, intentionally recording conversations, and sharing such tapes with third parties, constituted a per se finding that the Debtor's actions were wilful within the meaning of § 523(a)(6). *Id.* at 166. Judge Boroff was satisfied that the Debtor's conduct was deliberate or intentional for the purposes of the "willful" requirement under § 523(a)(6) of the Bankruptcy Code. *Id.* Accordingly, the Debtor's actions in this case were "willful" under the Code because the state court found the debtor liable for intentionally installing a recording device, intentionally recording conversations with the Plaintiff, and sharing such recordings with third persons, namely, an officer of the Chelmsford Police Department and the Middlesex County District Attorney's Office.

### 2. *Malicious*

The second element that needs to be satisfied for the purposes of Section 523(a)(6) is that the debtor acted maliciously. Malicious means an act done in conscious disregard of one's duties. *In re Lubanski*, 186 B.R. at 165. There is no "malice" requirement under MASS. GEN. LAWS ch. 272, § 99. *Id.* at 166, citing *Pine v. Rust*, 404 Mass. 411, 414, 535 N.E.2d 1247, 1249 (1989). Nonetheless, in *Lubanski* the court found that malice was inherent in the conviction because the act of installing the device, recording the conversation, and sharing such recording with third parties was committed with an unjustifiable disregard of the debtor's duty to refrain from violating the plaintiff's right to privacy protected under MASS. GEN. LAWS ch. 272, § 99. *Id.* at 166. Likewise, in the case at bar malice is found for the same reasons even though the intent of the Debtor was to create an accurate record of the conversation, not to injure the Plaintiff.

### 3. *Injury*

Lastly, the Plaintiff needs to have suffered an actual injury. "An injury under § 523(a)(6) is not limited to bodily injury or physical abuse." *In re Lubanski*, 186 B.R. at 167. Such element is satisfied in this case because the court awarded the Plaintiff a monetary amount in the civil state court action. *See Id.* at 167 (he court was satisfied that, for the purposes of section 523(a)(6), the damages awarded by the state court were designed to remedy the actual injury).

Accordingly, the *Lubanski* court found that by the debtor being found liable for violating MASS. GEN. LAWS ch. 272, § 99, his actions were "willful and malicious" causing injury to the plaintiff since he intentionally committed an act, without just cause or excuse, in conscious disregard of one's duty and that necessarily produces an injury. *Id.* at 165; *Printy*, 110 F.3d at 859; *In re Trudeau*, 35 B.R. 185 (Bankr. D.Mass.1983).

## IV. CONCLUSION

For the foregoing reasons, having reviewed the pleadings and arguments of counsel, the Court hereby ***ALLOWS*** Plaintiff's Motion for Summary Judgment and determines that the state court judgment is nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code.