In re Christopher PILAVIS, Debtor.

Richard Campana, Plaintiff/Appellee,

v.

Christopher Pilavis,
Defendant/Appellant.

BAP No. MB 99–049.

United States Bankruptcy Appellate Panel
of the First Circuit.

Feb. 9, 2000.

Evan James Pilavis, Malden, MA, for appellant.

Frederic D. Grant, Jr., John T. Morrier, Grant & Roddy, Boston, MA, for appellee.

Before GOODMAN, DE JESUS and HAINES, U.S. Bankruptcy Judges.

GOODMAN, Bankruptcy Judge.

## I.  Procedural Background.

The debtor, Christopher A. Pilavis ("Pilavis") appeals from an order of the bankruptcy court that granted Richard Campana's ("Campana") motion for summary judgment.  Campana's motion sought denial of the debtor's discharge pursuant to 11 U.S.C. § 727(a)(3) on the grounds that Pilavis failed to maintain books and records from which the debtor's financial condition could be determined.  In response to Campana's motion for summary judgment, Pilavis filed a cross motion for summary judgment seeking a determination that Campana's § 727 complaint was not timely.  On April 21, 1999, the bankruptcy court granted Campana's motion for summary judgment and denied Pilavis's cross motion.  Pilavis filed a motion for reconsideration which was granted on May 18, 1999, and after hearing, the bankruptcy judge again entered summary judgment for Campana and denied the debtor's discharge pursuant to 11 U.S.C. § 727(a)(3).  In this appeal, both parties have addressed the issues relating to the order that granted Campana's motion for summary judgment as well as the order that denied Pilavis's cross motion.  For the reasons set forth below, we affirm both orders.

## II.  Standard of Review.

An order granting summary judgment is reviewed *de novo*.  *In re Menna*, 16 F.3d 7, 9 (1st Cir.1994).  The determination that there are no disputed issues of material fact is a legal conclusion similarly subject to *de novo* review.  *Vaudreuil v. Busconi*, 182 B.R. 618, 620 (D.Mass.1995).

## III.  Appeal from the order granting Campana's motion for summary judgment.

The order granting Campana's motion for summary judgment is proper if "the pleadings, depositions, answers to inter-

rogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56. *See also Barbour v. Dynamics Research Corp.*, 63 F.3d 32, 36 (1st Cir.1995), *cert. denied*, 516 U.S. 1113, 116 S.Ct. 914, 133 L.Ed.2d 845 (1996). The First Circuit Bankruptcy Appellate Panel has summarized the standard applicable to summary judgment as follows:

'To succeed, the moving party must show that there is an absence of evidence to support the nonmoving party's position.' *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir.1990); *see also, Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). 'Once the moving party has properly supported its motion for summary judgment, the burden shifts to the non-moving party, who may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial.' *Barbour*, 63 F.3d at 37 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986)).

*Weiss v. Blue Cross/Blue Shield*, 206 B.R. 622, 624 (1st Cir. BAP 1997).

Campana filed his motion for summary judgment supported by the affidavit of Frederic D. Grant, Jr.[1] The motion meets the requirements of Fed.R.Civ.P. 56, Fed. R.Bankr.P. 7056 (incorporating Fed. R.Civ.P. 56); Mass.D.Ct.R. 56.1, and MLBR 7056–1 (incorporating Mass. D.Ct.R. 56.1). Pursuant to 11 U.S.C. § 727(a)(3), Campana seeks summary judgment on Count III of his complaint on the grounds that Pilavis should be denied a discharge for failure to maintain books and records from which his financial condition could be accurately determined. 11 U.S.C. § 727(a)(3) provides, in relevant part:

(a) The court shall grant the debtor a discharge, unless ...

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case....

■■■ The term "books and records" is not defined in § 727. "Records need not be kept in any special manner, nor is there any rigid standard of perfection in record-keeping mandated by § 727(a)(3)." (Citation omitted). "On the other hand, courts and creditors should not be required to speculate as to the financial history or condition of the debtor, nor should they be compelled to reconstruct the debtor's affairs." *Matter of Juzwiak*, 89 F.3d 424, 428 (7th Cir.1996). The discharge in bankruptcy inures to the benefit of the honest debtor who supplies creditors "with enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period past to present." *Bay State Milling Company v. Martin (In re Martin)*, 141 B.R. 986, 995 (Bankr.N.D.Ill.1992).

■■ To prevail on summary judgment, Campana must show, by undisputed facts, that Pilavis failed to maintain books and records from which his financial condition

---

1. The Grant Affidavit attaches and incorporates voluminous documents as follows: Debtor's Statement of Financial Affairs, Ex. A; the Debtor's Schedules of Assets and Liabilities, Ex. B; Affidavit of Christopher Pilavis in Support of His Motion for Judgment on the Pleadings, Ex. C; Defendant's Request for Informal Stipulation of Facts Per Rule 7026–1(b), Ex. D; Defendant's Automatic Required Disclosures Per Rule 7026–1(b), Ex. E; Sept. 18, 1997 Condensed Deposition Transcript from Middlesex Superior Court Action 96–6917, Ex. F; December 19, 1996 Preliminary Injunction Order entered by the Middlesex Superior Court in Civil Action No. 90–3274, Ex. G; January 2, 1998 Order Approving Bank Account Attachment on Trustee Process in Middlesex Superior Court Action 90–3274, Ex. H.

could be ascertained. Once Campana meets that threshold, denial of the discharge is proper unless Pilavis comes forward and justifies his failure to maintain books and records. Campana asserts that Pilavis's failure to keep any books and records made it impossible to accurately determine his financial condition. Campana's motion contains, *inter alia*, the following statement of material fact from Pilavis's own prior sworn affidavit:

"The Debtor has never kept books and records."[2]

By this single statement, drawn from the debtor's prior sworn testimony, Campana met his prima facie case sufficient to shift the burden such that Pilavis must come forward and create a genuine issue of material fact by offering admissible evidence of specific facts that show that he maintained adequate books and records. Failing that, Pilavis must create a disputed issue of material fact by offering some evidence that his failure to maintain books and records was justified under all the facts and circumstances of the case. *American Motors Leasing Corp. v. Morando (In re Morando)*, 116 B.R. 14, 15 (Bankr.D.Mass.1990). Pilavis attempts to controvert Campana's undisputed facts with his own affidavit, a second affidavit, dated March 18, 1999 (the "Second Affidavit"), and the affidavit of his attorney, Evan Pilavis.[3] The only material evidence submitted by Pilavis is contained in the Second Affidavit, which states, in its entirety:

1. I have not concealed, destroyed, mutilated, falsified or failed to keep records or failed to preserve any recorded information concerning my finances.

2. I did not keep "Books and Records" meaning that I did not post my income and expenses and did not maintain a ledger.

3. I did maintain my records for legal fees received and expenses.

4. I did not have any savings from my earnings in 1997.

5. I did not have any business transactions in 1997.

The Second Affidavit ¶¶ 1–5.

A. *Pilavis admits that he kept no books and records.*

■ In the First Affidavit, Pilavis states: "The Debtor has never kept books and records. In the Second Affidavit, Pilavis states: "I did not keep Books and Records meaning that I did not post my income and expenses and did not maintain a ledger." Even though Pilavis admits that he did not maintain books and records, he tries to qualify and explain this admission by stating that he maintained some limited records relating only to fee income and expenses. Pilavis cannot manufacture a disputed issue of material fact by contradicting his own prior sworn testimony. *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4–5 (1st Cir.1994). ("When an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed."). As set forth below, Pilavis does not offer a satisfactory explanation of his changed testimony.

B. *Pilavis claims to have maintained some records relating to fee income and expenses.*

Through the Second Affidavit, Pilavis tries to distance himself from his prior statement by attempting to qualify that statement: "I did maintain my records for legal fees received and expenses." Second Affidavit ¶ 3. His qualification is not ad-

---

2. *See* October 1, 1998 Affidavit of Christopher Pilavis at 5, (filed in support of his motion for judgment on the pleadings, (Adv.Proc.98–1995–WCH)) as Exhibit C to the Affidavit of Frederic D. Grant, Jr. (the "First Affidavit")

3. We disregard the affidavit of Evan Pilavis because it relates only to Pilavis's request for sanctions. It does not controvert any material fact asserted by Campana. The only evidence offered by Pilavis is contained in the Second Affidavit.

missible because it is not supported by actual records. The testimony contained in the Second Affidavit, standing alone, is not a valid substitute or supplement for concrete written records. *Matter of Juzwiak,* 89 F.3d at 429. Pilavis has not offered any records relating to fee income or expenses. Without actual documents, there is no evidence that these alleged records relating to fee income and expenses exist. There is no admissible evidence from which the bankruptcy court could have concluded that Pilavis created a genuine issue of material fact on the issue of whether he maintained any books and records from which his financial condition could be determined. Unless Pilavis justifies his failure to maintain records, Campana is entitled to summary judgment.

### C. There is no evidence of circumstances that justify Pilavis's failure to keep books and records.

■ Pilavis argues that any failure to maintain more detailed books and records is justified by his lack of business transactions in 1997. Second Affidavit ¶ 5. Other than this single, unsubstantiated statement in ¶ 5, there is no evidence of the nature of Pilavis's business or evidence of any change in business that would show circumstances that justify his failure to maintain books and records. Without any admissible evidence of any circumstances that justify Pilavis's failure to maintain books and records, Campana is entitled to summary judgment pursuant to 11 U.S.C. § 727(a)(3). The bankruptcy court order granting Campana's motion for summary judgment is affirmed.

### IV. Appeal from the denial of Pilavis's cross motion for summary judgment.

■ Pilavis also appeals from the denial of his cross motion wherein he sought a determination that Campana's complaint was not timely because it was filed more than 60 days after the initial 341 meeting.

Fed.R.Bankr.P. 4004(a) requires that a complaint objecting to discharge be filed within 60 days after the originally scheduled 341 meeting of creditors. It is undisputed that the original 341 meeting was scheduled for April 28, 1998 and objection to discharge and dischargeability bar date was June 29, 1998.[4]

Prior to the expiration of the deadline, the Trustee and Pilavis filed an assented to motion seeking to extend the deadlines to object to discharge and exemptions. This motion was signed by debtor's counsel. *See* Assented to Motion For Extension of Deadlines to Object to Discharge and Exemptions, attached to Campana's opposition to Pilavis's cross motion. Campana and the Trustee also filed a joint motion to extend the time period to object to dischargeability. Pilavis filed no objection and did not challenge the assertion that the joint motion was made to reflect the agreement that was reached between the creditors, (including Campana), the Trustee and Pilavis at the initial 341 meeting. Joint Motion, at 1. When directly confronted with the evidence of his prior consent, Pilavis changed his position and admitted that he consented. *See* Debtor's Further Response in Support of his Cross Motion for Summary Judgment ¶ 1.[5] He also admits that the assented to motion was filed on June 19, 1998, ten days before the expiration of the original bar date.

Given the reminder that he had, in fact, consented, Pilavis now argues that the extension was not timely because the order granting the extension was entered on the docket one day after the bar date. This argument is contrary to the plain meaning of Fed.R.Bankr.P. 4004(b), which provides, in relevant part:

> On motion of any party and interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired.

---

4. Debtor's cross motion for summary judgment, at 13; Campana's opposition to the cross motion, at 1.

5. In his appellate brief, Pilavis also expressly concedes this point. Appellant's Brief, at 16.

We reject Pilavis's unfounded argument. Campana's complaint was timely because it was made prior to the expiration of the extended bar date and the bankruptcy court was not required to enter the order granting the motion prior to the expiration of the bar date. Given Pilavis's assent, his continued assertion that Campana's § 727 complaint was not timely is specious.

■ Pilavis also argues that entry of the order extending the bar date was improper because Campana's motion to extend the deadline "lacked (sic) specific and satisfactory explanation why that creditor was unable to file a timely complaint." Debtor's designation of issues on appeal, at 2. Pilavis assented to the extended deadline and did not challenge the basis for entry of the order before the bankruptcy court. This issue cannot be raised for the first time on appeal. *Boston Beer Co. Ltd. Partnership v. Slesar Bros. Brewing Co., Inc.,* 9 F.3d 175, 180 (1st Cir.1993) (citing *McCoy v. Mass. Institute of Technology,* 950 F.2d 13, 22 (1st Cir.1991)).

The order of the bankruptcy court denying Pilavis's cross motion is affirmed.