**In re Clifford F. SMITH.**

**M. Kellie Beaupre McDonough,**

v.

**Clifford F. Smith.**

**Bankruptcy No. 99–47668.**

**Adversary No. 00–4081.**

United States Bankruptcy Court, D. Massachusetts.

Dec. 11, 2001.

John G. DiPiano, Mauser & Mauser, Boston, MA, for M. Kellie Beaupre McDonough.

Andre D. Summers, Summers Law Office, Franklin, MA, Clifford F. Smith.

### MEMORANDUM OF DECISION

JOEL B. ROSENTHAL, Bankruptcy Judge.

Before the Court for determination is a Complaint pursuant to 11 U.S.C. § 523(a)(6),[1] filed by M. Kellie Beaupre McDonough (the "Plaintiff") against Clifford F. Smith (the "Debtor") seeking nondischargeability of a debt evidenced by a state court judgment (the "judgment"). The judgment was based on a claim of sexual harassment in violation of Massachusetts General Laws Chapter 151B, § 4(16A).[2] The issue before the Court is whether a state court's finding that the Debtor sexually harassed the Plaintiff in violation of MASS. GEN. LAWS ch.

151B, § 4(16A) constitutes a "willful and malicious injury" rendering the judgment nondischargeable under Section 523(a)(6) of the United States Bankruptcy Code (the "Bankruptcy Code").

## I. FACTUAL & PROCEDURAL BACKGROUND

In 1989, the Plaintiff and the Debtor were involved in a consensual relationship while the Plaintiff was an employee of C.F. Smith and Associates, Inc. (the "Company").[3] After approximately three years, the relationship ended and the Plaintiff began to see someone else, whom she later married. Thereafter, the Debtor revoked Plaintiff's employment privileges, threatened her job security, and her future in the automotive after-market industry if she did not end her current relationship and return to him. In 1992, the Plaintiff was forced to resign because of the Debtor's threats.[4] The Plaintiff was subsequently admitted to a hospital and treated for anxiety and depression.

In 1993, the Plaintiff filed a civil law suit against the Debtor and the Company in the Middlesex Superior Court alleging "quid pro quo" and hostile work environment sexual harassment in violation of MASS. GEN. LAWS, ch. 151B, § 1(18)[5] and

---

1. Section 523(a)(6) of the United States Bankruptcy Code provides, in pertinent part, that "[a] discharge ... does not discharge an individual debtor from any debt— for willful and malicious injury by the debtor to another entity or to the property of another entity."

2. "It shall be an unlawful practice ... [f]or an employer, personally or through its agents, to sexually harass any employee." MASS. GEN. LAWS ch., 151B, § 4(16A).

3. The Debtor is the former president and majority share holder of the Company.

4. At one point the Debtor revoked the Plaintiff's severance package after she refused to return to him.

5. "The term 'sexual harassment' shall mean sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when (a) submission to or rejection of such advances, requests or conduct is made either explicitly or implicitly a term or condition of employment or as a basis for employment decisions; (b) such advances, requests or conduct have the purpose or effect of unreasonably interfering with an individual's work performance by creating an intimidating, hostile, humiliating or sexually offensive work environment." MASS. GEN. LAWS ch. 151B, § 1(18).

4. See *Beaupre v. Cliff Smith & Assoc.,* Middlesex Superior Court Case # 93–2213. After a two-week jury trial, the Debtor and the Company were found jointly and severally liable for sexual harassment. The jury did not have a special verdict slip, therefore, it cannot be determined on what theory of sexual harassment the verdict was based. Judgment entered against the Company and the Debtor for "$197,500.00, plus interest from April 16, 1993 in the amount of $96,655.17, plus cost and attorney's fees in the amount of $175,583.61." Punitive damages were assessed against the Debtor for $87,000.00.

The Debtor and the Company appealed the jury verdicts and damage awards. Prior to the issuance of the Massachusetts Appeals Court decision, the Company filed for Chapter 11 Bankruptcy.[6] Accordingly, the automatic stay was lifted so that the Appeals Court proceeding could continue to conclusion.

Thereafter, the Debtor filed for Chapter 11 Bankruptcy.[7] The Debtor listed the Plaintiff in the schedules as having a claim against him for the judgment. During the pendency of the Debtor's bankruptcy case, the Massachusetts Appeals Court affirmed the state court's verdicts and damage awards. See *Beaupre v. Cliff Smith & Assoc.,* 50 Mass.App.Ct. 480, 738 N.E.2d 753 (2000), further rev. denied, 433 Mass. 1101, 742 N.E.2d 81 (2001). Subsequently, on March 27, 2000, the Plaintiff filed a Complaint seeking that this Court determine that the debt owed to her is not dischargeable under 11 U.S.C. § 523(a)(6). The parties agreed to have this Court de-termine the issue of dischargeability based on the parties' memoranda of law.

## II. DISCUSSION

### 1. Collateral Estoppel/Issue Preclusion

▮▮ The Complaint is based entirely on the state court decision. A final determination on the merits bars further claims by the parties based on the same set of facts. Collateral estoppel principles apply in discharge exception proceedings pursuant to Section 523(a) of the Bankruptcy Code. *Grogan v. Garner,* 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). Collateral estoppel bars relitigation of an issue previously decided in a judicial or administrative proceeding if the party against whom the prior decision is asserted had a "full and fair opportunity" to litigate that issue in an earlier case. *Allen v. McCurry,* 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980) (citations omitted).

▮▮ The First Circuit restated the doctrine of collateral estoppel as follows:

When there is an identity of the parties in subsequent actions, a party must establish four essential elements for a successful application of issue preclusion to the later action: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and binding final judgment; and (4) the determination of the issue must have been essential to the judgment.

*Grella v. Salem Five Cent Savings Bank,* 42 F.3d 26, 30 (1st Cir.1994) (citations

---

6. On June 24, 1999, prior to the Massachusetts Appeals Court decision, the Bankruptcy Court issued an opinion with respect to the establishment of the amount of the Plaintiff's claim by means of adjudicating the merits of the Company's appeal. According to the Court's de novo review, it concluded that the Company was liable for both "quid pro quo" and hostile work environment sexual harassment.

7. The Debtor's Chapter 11 case was ultimately converted to a Chapter 7.

omitted); *Kwiat v. Doucette,* 81 B.R. 184, 187 (D.Mass.1987). A bankruptcy court may give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and which were actually litigated and determined in the prior action. "An issue may be 'actually' decided even if it is not explicitly decided, for it may have constituted, logically or practically, a necessary component of the decision reached in the prior litigation." *Id.* The determination of whether the Debtor willfully injured the Plaintiff was critical and necessary to the state court decision. *Ludwig v. Martino (In re Martino),* 220 B.R. 129, 130 (Bankr. M.D.Fla.1998). Therefore, the Plaintiff may rely on the state court decision in support of her motion and this Court cannot relitigate the issue and supplant itself as fact-finder de novo.

Having determined that the Plaintiff may rely on the state court decision in support of her motion, the Court will now examine the content of the state court decision in light of Section 523(a)(6) of the Bankruptcy Code.

■ "A discharge ... does not discharge an individual debtor from any debt ... for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Accordingly, in order for a debt to be found nondischargeable under Section 523(a)(6), the Plaintiff must prove that: (1) the Debtor caused her injury; (2) the Debtor's actions were malicious; and, (3) the Debtor's actions were willful:

The Debtor was found liable for sexual harassment in violation of MASS. GEN. LAWS ch. 151B, § 4. Sexual harassment means "sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when (a) submission to or rejection of such advances, requests or conduct is made either explicitly or implic-

itly a term or condition of employment or as a basis for employment decisions; (b) such advances, requests, or conduct have the purpose or effect of unreasonably interfering with an individuals' work performance by creating an intimidating, hostile, humiliating or sexually offensive work environment." MASS. GEN. LAWS ch. 151B, § 1(18).

Although this Court does not know under what theory of sexual harassment the Debtor's liability was determined, the Appeals Court found that the Plaintiff's testimony would be more than sufficient to meet her burden of establishing both forms, "namely that (a) [the Debtor's] sexual advances and other sexual conduct directed at the plaintiff were unwelcome ... and (b) the advances either conditioned some aspect of employment or were sufficiently pervasive that they 'ha[d] the purpose or effect of unreasonably interfering with an individual's work performance by creating an intimidating, hostile, humiliating or sexually offensive work environment." *Beaupre,* 50 Mass.App.Ct. at 489, 738 N.E.2d at 762.

Thus, in finding the Debtor liable for sexual harassment, the jury determined that the Debtor created a sexually harassing and abusive work environment, *College–Town v. Massachusetts Comm'n Against Discrimination,* 400 Mass. 156, 162, 508 N.E.2d 587, 591 (1987), that both a reasonable person and the Plaintiff found that environment abusive, *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 27, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993), that the Debtor made sex with him a condition of the Plaintiff's continued employment, and that the sexual advances were unwelcome. MASS. GEN. LAWS ch. 151B, § 1.

*2. Injury*

The injury suffered by the Plaintiff is clear and the Debtor does not dispute such

injury. Also, the state court judgment includes at least an implied finding that the abusive work environment created by the Debtor injured the Plaintiff. The Debtor created a hostile work environment by coercing the Plaintiff into abandoning her right to be free from sexual harassment and into submitting to his sexual demands as a condition of preserving her employment. As a result of the sexual harassment endured by the Plaintiff, she was hospitalized and treated for depression, anxiety, and post-traumatic stress. Accordingly, the Plaintiff has successfully established that she suffered an injury at the hands of the Debtor.

### 3. Willful and Malicious

■ This Court next has to determine if the Debtor's acts were "willful and malicious" under Section 523(a)(6) of the Bankruptcy Code. The First Circuit has defined the term "willful and malicious" to mean "an act intentionally committed, without just cause or excuse, in conscious disregard of one's duty." *Printy v. Dean Witter Reynolds, Inc.*, 110 F.3d 853, 859 (1st Cir.1997) (citation omitted). "An injury inflicted willfully and with malice under 523(a)(6) is one inflicted intentionally and deliberately, and either with the intent to cause the harm complained of, or in circumstances in which the harm was certain or almost certain to result from the debtor's act." *Id.;* See *Small v. Bottone,* 209 B.R. 257, 265 (Bankr.D.Mass.1997).

■ Therefore, for the Debtor's actions to be "willful", his acts have to have been intentionally committed. *Printy,* 110 F.3d at 859; *Mazurczyk v. O'Neil,* 268 B.R. 1, 4 (Bankr.D.Mass.2001). The term "willful" means "deliberate or intentional", "recklessness" is no longer the standard for willful. H.R.Rep. No. 595, 95th Cong., 2nd Sess. 365 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5963, 6320. The

Restatement (Second) of Torts states that a person acts intentionally if "he knows that the consequences are certain, or substantially certain, to result from his act." Restatement (Second) of Torts § 8A, comment b (1965).

■ In the case at bar, the Debtor intended his actions and knew the consequences of such actions. The Appeals Court found that "[t]he evidence of [the Debtor's] behavior ... could easily be viewed by a rational jury as not merely intentional and offensive, but an outrageous affront to an individual's personal dignity that was ... indifferent to [her] rights and egregiously beyond the pale of what our society tolerates in the workplace." *Beaupre,* 50 Mass.App.Ct. at 498, 738 N.E.2d at 769. Additionally, the fact that the jury assessed punitive damages against the Debtor speaks volumes. Punitive damages are awarded when a defendant's conduct is egregious and outrageous. *McMillan v. Mass. Soc. For the Prevention of Cruelty to Animals,* 140 F.3d 288, 306–307 (1st Cir.1998), cert. denied, 525 U.S. 1104, 119 S.Ct. 870, 142 L.Ed.2d 772 (1999). Accordingly, this Court finds that the Debtor's actions were willful.

■ For the Debtor's actions to be "malicious", he had to have committed the acts without just cause or excuse and in conscious disregard of his duties. *Printy,* 110 F.3d at 859. "No showing of personal hatred, spite or ill-will is required to prove an injury malicious; it is enough that it was wrongful and without just cause or excuse." *General Electric Credit Corp. v. Lindberg,* 49 B.R. 228, 230 (Bankr.D.Mass. 1985) (citations omitted). Although there is no malice requirement in the sexual harassment statute, malice is inherent in finding that the Debtor was liable for sexual harassment. The Debtor unjustifiably disregarded the Plaintiff's right to be free

from sexual harassment by engaging in behavior that created an abusive working environment.

The state court decision awarded punitive damages for the Debtor's conduct. "[P]unitive damages are indicative of willful and malicious injury which preclude discharge of the debt." *In re Ludwig*, 220 B.R. at 133 (the punitive damage award in the state court decision for sexual harassment demonstrates that the defendant's conduct caused willful and malicious injury to the plaintiff by creating an intimidating and offensive work environment which forced the plaintiff to suffer physical symptoms); see also *Johnson v. Miera*, 926 F.2d 741, 745 (8th Cir.1991).

"[A] judgment arising out of a sexual harassment claims is excepted from discharge when it constitutes an obligation stemming from a willful and malicious injury." *In re Ludwig*, 220 B.R. at 132; *Gee v. Hammond*, 173 B.R. 189, 192–193 (9th Cir. BAP 1994) (a judgment of sexual harassment is excepted from discharge pursuant to Section 523(b)(6) because the debtor's actions were willful and malicious and there was no just cause or excuse for his conduct).

In the case at bar, the Debtor argues that this debt should be dischargeable because his acts were not intentional, but reckless or negligent. He contends that he was a jealous lover who behaved recklessly causing unwanted injury to the Plaintiff. He argues that his state of mind was impaired by "emotion, heart broken and a concern about his mental well being and the economic well being of his company that he made decisions that in hindsight were inappropriate." See Debtor's Memorandum of Law.

The Debtor cites a United States Supreme Court case in furtherance of this argument. That case held that the phrase "willful and malicious injury" applies only to deliberate and intentional injuries. *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998); see also *Printy*, 110 F.3d at 859 (the fact that the injury was caused through negligence or recklessness does not satisfy the malice requirement). In that medical malpractice case, the Supreme Court found that the debt was not exempted from discharge because the doctor's actions were negligent or reckless, not intentional. *Kawaauhau*, 523 U.S. at 64, 118 S.Ct. at 978. This Supreme Court decision does not save the Debtor because the Debtor's conduct was deliberate and intentional, not reckless or negligent as he would like this Court to believe. The Debtor knew exactly what he was doing and what he wanted to accomplish by doing it. The Debtor wanted to place pressure on the Plaintiff, so that she would return to him, by revoking employment privileges, humiliating her at work, forcing her to resign, and revoking her severance package.

Accordingly, this Court finds that the Debtor's acts of sexual harassment against the Plaintiff were deliberate, intentional, and committed without just cause or excuse.

## III. CONCLUSION

For the foregoing reasons, having reviewed the pleadings and arguments of counsel, the Court hereby determines that the state court judgment is nondischargeable pursuant to Section 523(a)(6) of the Bankruptcy Code because the injury caused to the Plaintiff by the Debtor was "willful and malicious."