In re Gregory S. JONES, Debtor.

Gregory S. Jones, Appellant,

v.

Patricia Svreck, Appellee.

BAP No. MW 02–044.
Bankruptcy No. 02–42520–JBR.
Adversary No. 02–4126–JBR.

United States Bankruptcy Appellate Panel
of the First Circuit.

Oct. 8, 2003.

John A. Burdick, Jr., Esq., Worcester, MA, on brief for Appellant.

Roger Stanford, Esq., New Bedford, MA, on brief for Appellee.

Before LAMOUTTE, VAUGHN, and CARLO, U.S. Bankruptcy Appellate Panel Judges.

VAUGHN, Bankruptcy Judge.

Gregory S. Jones (the "Appellant") appeals from the order of the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") entered on July 29, 2002, granting a motion for summary judgment (the "Order") filed by Patricia Svreck (the "Appellee"). For the reasons set forth below, the Order of the Bankruptcy Court is affirmed.

### I. Background

On June 8, 1993, the Appellee filed a complaint alleging sexual harassment with the Massachusetts Commission Against Discrimination ("MCAD") against her for-

mer employer, American Health Care. A finding of probable cause was issued by an investigating commissioner on August 8, 1993. The MCAD complaint was subsequently amended to add the Appellant as a respondent and hearings were held before a hearing officer on November 12 and 13, 1997, December 2, 1997, and February 10, 11, and 12, 1998. On April 19, 2000, the hearing officer found that the Appellant had violated Mass. Gen. Laws ch. 151B, § 1(18), awarding the Appellee total damages of $125,829, allocated as $75,000 for emotional distress and $50,829 for lost wages. The Appellant appealed to the full MCAD Commission, which denied his appeal and affirmed the decision of the hearing officer, awarding the Appellee $56,530.00 for attorney's fees and $2,772.70 for costs.

The Appellant filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code (the "Code") on January 14, 2002. On April 16, 2002, the Appellee filed a complaint seeking a determination that the damages awarded by MCAD were nondischargeable pursuant to 11 U.S.C. § 523(a)(6).[1] On July 10, 2002, the Appellee filed a motion for summary judgment, to which the Appellant filed a response. On July 29, 2002, the Bankruptcy Court issued an order on the pleadings, granting the Appellee's motion for summary judgment and overruling the Appellant's response. App. at 22. It is this Order from which the Appellant filed the instant appeal.

### II. Jurisdiction

Pursuant to 28 U.S.C. §§ 158(a) and (b), the Panel may hear appeals "from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). A final judgment "ends the litigation on the merits and

---

1. Unless otherwise noted, all statutory section references herein are to the Bankruptcy Re-

form Act of 1978, as amended, 11 U.S.C. § 101, *et seq.*

leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). The instant appeal arises from the Bankruptcy Court's final judgment in an adversary proceeding to determine the nondischargeability of a debt under the Code. Because the judgment resolves all issues litigated by the parties, it constitutes a final order. *In re Saco Local Dev. Corp.,* 711 F.2d 441, 444 (1st Cir.1983); *In re Bank of New England Corp.,* 218 B.R. 643, 645 (1st Cir. BAP 1998). Moreover, a bankruptcy court's order granting a motion for summary judgment is a final order. *See Weiss v. Blue Cross/Blue Shield of Delaware (In re Head Injury Recovery Ctr. at Newark, L.P.),* 206 B.R. 622 (1st Cir. BAP 1997).

## III. Standard of Review

 Generally, the Panel evaluates a bankruptcy court's findings of fact pursuant to the "clearly erroneous" standard of review and its conclusions of law *de novo. Grella v. Salem Five Cent Savings Bank,* 42 F.3d 26, 30 (1st Cir.1994); *see also Palmacci v. Umpierrez,* 121 F.3d 781, 785 (1st Cir.1997). However, because the Bankruptcy Court granted summary judgment, the review in the present case is de novo on all issues. *See generally Stoehr v. Mohamed,* 244 F.3d 206, 208 (1st Cir. 2001); *Gosselin v. Webb,* 242 F.3d 412 (1st Cir.2001); *In re Varrasso,* 37 F.3d 760, 762–63 (1st Cir.1994); *Rijos v. Vizcaya (In re Rijos),* 263 B.R. 382, 388 n. 5 (1st Cir. BAP 2001); *Campana v. Pilavis (In re Pilavis),* 244 B.R. 173, 174 (1st Cir. BAP 2000). Courts may uphold an order granting summary judgment regardless of whether they reject or adopt its rationale, so long as an "independently sufficient ground" is made manifest by the record. *See Torres v. E.I. Dupont De Nemours & Co.,* 219 F.3d 13, 18 (1st Cir.2000).

## IV. Discussion

In granting the Appellee's motion for summary judgment, the Bankruptcy Court held that: 1) the Appellant was collaterally estopped from challenging the final order and findings of the MCAD and its hearing officer and 2) the MCAD's finding under MASS. GEN. LAWS Ch. 151(B), § 4 is a finding of willful and malicious conduct sufficient to operate as a basis for nondischargeability under 11 U.S.C. § 523(a)(6). App. at 22.

## A. Collateral Estoppel

 Collateral estoppel bars relitigation of an issue previously decided if the party against whom the prior decision is asserted had a "full and fair opportunity" to litigate that issue in an earlier case. *Allen v. McCurry,* 449 U.S. 90, 95, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (citations omitted). In *Grella,* the First Circuit stated:

> [w]hen there is an identity of the parties in subsequent actions, a party must establish four essential elements for a successful application of issue preclusion to the later action: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and binding final judgment; and (4) the determination of the issue must have been essential to the judgment.

42 F.3d at 30. Further, "[a]n issue may be 'actually' decided even if it is not *explicitly* decided, for it may have constituted, logically or practically, a necessary component of the decision reached in the prior litigation." *Id.* at 30–31 (citing *Dennis v. Rhode Island Hosp. Trust,* 744 F.2d 893, 899 (1st Cir.1984) (emphasis in original)).

 Collateral estoppel principles apply in discharge exception proceedings

pursuant to § 523(a) of the Bankruptcy Code. *Grogan v. Garner,* 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Additionally, preclusive effect is given not only to state judicial proceedings, but also to facts found by a " 'state agency acting in a judicial capacity [that] resolves disputed issues of fact properly before it which the parties have had adequate opportunity to litigate.' " *Baez–Cruz v. Municipality of Comerio,* 140 F.3d 24, 28 (1st Cir.1998) (quoting *University of Tenn. v. Elliott,* 478 U.S. 788, 789, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986)); *see also Tuper v. North Adams Ambulance Serv., Inc.,* 428 Mass. 132, 697 N.E.2d 983, 985 (1998) (finding that "[i]f the conditions for preclusion are otherwise met, [a] final order of an administrative agency in an adjudicatory proceeding … precludes relitigation of the same issues between the same parties, just as would a final judgment of a court of competent jurisdiction") (internal quotations omitted).

 The MCAD found that Jones committed sexual harassment [1] in violation of Mass. Gen. Laws Ch. 151B, § 4. Sexual harassment consists of verbal and physical conduct of a sexual nature which is unwelcome and has the effect of creating a hostile, humiliating, or offensive work environment and which materially interferes with an employee's ability to perform his or her job. *College–Town, Div. of Interco, Inc. v. Massachusetts Com'n Against Discrimination,* 400 Mass. 156, 508 N.E.2d 587, 590–91 (1987). When the harassment is sufficiently pervasive so as to alter the conditions of the victim's work environment, a hostile work environment exists.

*See id.* The Appellee met her burden of demonstrating that the Appellant's conduct " 'was intentionally or in effect hostile, intimidating or humiliating to (her) in a way which affected the performance or conditions of her employment.' " *See* App. at 15–16, *Decision of the Hearing Officer* (quoting *Ramsdell v. Western Mass. Bus Lines,* 415 Mass. 673, 678–79, 615 N.E.2d 192 (1993)). Additionally, the Appellee demonstrated that "the conduct (did in fact) affect and interfere with her work environment." *See id.* at 16 (citing *Couture v. Central Oil Co.,* 12 MDLR 1401, 1421 (1990)). Further, MCAD awarded damages to the Appellee "for lost wages and emotional distress she suffered as a direct and probable consequence of Respondents' unlawful sexual harassment." *Id.* at 19. Thus, the determination of whether the Appellant willfully injured the Appellee was necessary to the MCAD decision. *See Ludwig v. Martino (In re Martino),* 220 B.R. 129, 132 (Bankr. M.D.Fla.1998). Therefore, the Appellee may rely on the MCAD decision in support of her summary judgment motion.

The present case can be distinguished from *Hamilton v. Nolan (In re Nolan),* in which the court found that the decision of the District of Columbia Commission on Human Rights did not have a collateral estoppel effect on the court's determination as to the willfulness and maliciousness of the debtor's actions, because in *Nolan,* the debtor was not the individual who engaged in the discriminatory treatment complained of. *See* 220 B.R. 727, 730 (Bankr.D.C.1998). "Pursuant to § 523(a)(6), a discharge does not discharge

---

1. "The term 'sexual harassment' shall mean sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when (a) submission to or rejection of such advances, requests or conduct is made either explicitly or implicitly a term or condition of employment or as a basis for employment decisions; (b) such advances, requests or conduct have the purpose or effect of unreasonably interfering with an individual's work performance by creating an intimidating, hostile, humiliating or sexually offensive work environment." Mass. Gen. Laws Ch. 151B, § 1(18).

an individual debtor from any debt for willful and malicious injury *by the debtor* to another entity." *Id.* at 731–32 (emphasis in original). The court found that there was nothing in the commission's decision that indicated whether the debtor intended to cause the creditor injury or that the debtor disregarded her duties without cause or excuse, holding that

> [f]or the most part, the Commission's findings pertain to Butler who was Hamilton's direct supervisor. Regarding [the debtor], the Commission found only that she was kept abreast of personnel matters, she was informed by Butler when Hamilton's work schedule was reduced, she once required Hamilton to provide a doctor's note, and she acquiesced when Butler terminated Hamilton.

*Id.* at 730. The court stated that "even if Butler's behavior were found to be willful and malicious, this could not be imputed to the debtor Nolan." *Id.* at 731.

Additionally, this case is also distinguishable from *Voss v. Tompkins (In re Tompkins),* in which the court did not find that relitigation of the underlying issues regarding Title VII sexual harassment and hostile work environment discrimination was barred by the doctrine of collateral estoppel. 290 B.R. 194, 199 (Bankr. W.D.N.Y.2003). In that case, although the debtor appeared in the underlying sexual harassment action commenced against him in district court, no judgment was entered on the merits of the case. *See id.* Instead, the court found that there was an enforceable settlement agreement between the parties. *See id.* The bankruptcy court noted that the judgment entered did not indicate that the underlying causes of action in the complaint were valid or had been admitted by the debtor, thus precluding a determination that relitigation was barred by collateral estoppel. *See id.*

Having determined that the Appellee may rely on the MCAD determination in support of her motion for summary judgment, the Panel will now examine the content of the administrative decision pursuant to the requirements set forth in § 523(a)(6).

## B. Willful and Malicious Conduct

 Section 523(a)(6) provides, in pertinent part, that "[a] discharge . . . does not discharge an individual debtor from any debt—for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). To prevail on a complaint to except a debt from discharge, as one caused by a debtor's "willful and malicious injury," a creditor must prove that (1) the debtor caused him or her injury; (2) the debtor's actions were malicious; and (3) the debtor's actions were willful.

 In the present case, harm was suffered by the Appellee because the Appellant unjustifiably disregarded her right to be free from sexual harassment by engaging in behavior that created an abusive working environment. The MCAD determined that the Appellee made a "credible case for sexual harassment" testifying "as to frequent, substantial sexual comments about her, concerning her dress and breasts, as well as inappropriate staring, rubbing, and touching by [the Appellant]." App. at 16. Additionally, the MCAD found that the Appellant's "sexual comments, staring, and touching humiliated [the Appellee]." *Id.* Further, the Appellee was awarded emotional distress damages, the MCAD finding that she suffered "significant emotional distress as a result of the sexual harassment by [the Appellant], and that his conduct triggered a depression related to her history of earlier sexual abuse." *Id.* at 19. Accordingly, given the above findings, the Panel concludes that

the Appellee has shown injury caused by the Appellant.

Injury inflicted "willfully" and "maliciously," for debt dischargeability purposes, is one inflicted intentionally and deliberately, and either with intent to cause the harm complained of, or in circumstances in which the harm was certain or almost certain to result from debtor's act. *Printy v. Dean Witter Reynolds, Inc.*, 110 F.3d 853, 859 (1st Cir.1997); *In re Popa*, 214 B.R. 416 (1st Cir. BAP 1997), *aff'd* 140 F.3d 317 (1st Cir.1998). The First Circuit has interpreted the term "willful and malicious" to mean "an act intentionally committed, without just cause or excuse, in conscious disregard of one's duty." *Printy*, 110 F.3d at 859.

In *Kawaauhau v. Geiger*, the Supreme Court found that the exception to discharge set forth in § 523(a)(6) for a willful and malicious injury includes "only acts done with the actual intent to cause injury." 523 U.S. 57, 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). "[D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Id.* at 64, 118 S.Ct. 974. The Supreme Court has established that the word "willful" requires intent to injure and not merely intent to perform the act that causes injury. *See id.* at 61, 118 S.Ct. 974.

The word "malicious" requires that the injury be "wrongful" and committed "without just cause or excuse, in conscious disregard of one's duty." *Printy*, 110 F.3d at 859 (1st Cir.1997). "No special malice toward the creditor need be shown," as malice can be present "even in the absence of personal hatred, spite or ill-will." *Id.*

In holding that the MCAD's determination pursuant to MASS. GEN. LAWS Ch. 151B, § 4 is a finding of willful and malicious conduct sufficient to operate as a basis for nondischargeability under § 523(a)(6), the Bankruptcy Court cited to its decision *Beaupre McDonough v. Smith (In re Smith)*, 270 B.R. 544 (Bankr. D.Mass.2001). In *Smith,* the court excepted the creditor's sexual harassment claim from discharge, finding that the debtor knew the consequences of his actions as evidenced, *inter alia*, by the jury's award of punitive damages. Additionally, the court made a finding that the debtor's conduct was deliberate and intentional under the *Geiger* decision, and not reckless or negligent, stating that the debtor "knew exactly what he was doing and what he wanted to accomplish by it." *Smith,* 270 B.R. at 550.

There is no dispute that sexual harassment did occur in the present case. However, the question is whether there was an intent to cause harm. In the instant case, there was sufficient evidence to find that the Appellant's actions were deliberate or intentional and that he did intend to harm or injure the Appellee. As the MCAD findings note, "[the Appellee] alleged she asked [the Appellant] to stop making offensive comments and stop touching her, and tried to move away from him. When she requested he stop, or expressed her discomfort, his response was to grin and continue, or stop for the moment, but resume his conduct soon after. [The Appellant's] behavior interfered with [the Appellee's] ability to perform her work and constituted sexual harassment." App. at 16.

Although there is no malice requirement in the sexual harassment statute, malice is inherent in finding that the Appellant was liable for sexual harassment. The Appellant unjustifiably disregarded the Appellee's right to be free from sexual harassment by engaging in behavior that created an abusive working environment. The MCAD determined that the Appellee made

a "credible case for sexual harassment" testifying "as to frequent, substantial sexual comments about her, concerning her dress and breasts, as well as inappropriate staring, rubbing, and touching by [the Appellant]." App. at 16. Additionally, the MCAD found that the Appellant's "sexual comments, staring, and touching humiliated the Appellee and her discomfort was corroborated by others present in the office." *Id.* at 16. This Panel concludes that a finding of sexual harassment constitutes the requisite injury and is equivalent to a finding of malicious and willful injury for dischargeability purposes under § 523(a)(6). Further, as stated in *Biggers v. Wilson (In re Wilson)*, a pre-*Geiger* decision, this finding is consistent with other bankruptcy courts which have held that "sexual harassment, even short of the termination of employment suffered by [the plaintiff], meets the requirements for the exception to discharge under 11 U.S.C. § 523(a)(6)." 216 B.R. 258, 268 (Bankr. E.D.Wis.1997).

### V. Conclusion

For the reasons set forth above, the Bankruptcy Court's Order is AFFIRMED. The Appellant's obligation to the Appellee for damages awarded in the sexual harassment action will be excepted from discharge, as an obligation arising out of the Appellant's malicious and willful injury because the Appellant violated state law, and the Appellant's actions were deliberate, intentional and without justification or excuse.