**In re Richard MATER, Debtor.**

**Elena Kotsopoulos, Plaintiff,**

**v.**

**Richard Mater, Defendant.**

**Bankruptcy No. 04–13705–MWV.**
**Adversary No. 05–1003–MWV.**

United States Bankruptcy Court,
D. New Hampshire.

Nov. 28, 2005.

Raymond J. DiLucci, Esq., Raymond J. DiLucci, P.A., Concord, NH, Todd S. Rosenfield, Esq., Bloom and Rosenfield, P.A., for Elena Kotsopoulos.

Gregory D. Oberhauser, Esq., Law Office of Gregory D. Oberhauser, Lowell, MA, for Debtor Richard Mater.

### MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it Elena Kotsopoulos's ("Plaintiff") motion for summary judgment, to which Richard Mater ("Defendant") responded with a memorandum in opposition to summary judgment. The Defendant also requests dismissal of Plaintiff's adversary proceeding. The Court held a hearing on the matter on September 12, 2005.

### BACKGROUND

The Defendant owns Imagination Spalon, Inc. ("Spalon"), a hair salon. The Plaintiff suffers from epilepsy and worked as a receptionist at the Spalon from August 22, 1997, until May 13, 1998. On Thursday, May 7, 1998, the Plaintiff suffered a grand mal seizure while she was at her home. As a result of the seizure, she arranged to take off of work until the following Tuesday, May 12. When the Plaintiff arrived at work on May 12, the Defendant requested that the Plaintiff sign a written release absolving he and the Spalon from liability for any seizure-related injuries. When the Plaintiff refused to sign the release, the Defendant told her to go home for the day. The next morning, the Defendant terminated her employment over the phone. On the basis of her epilepsy handicap, the Plaintiff filed a complaint of discrimination against the Defendant with the Massachusetts Commission Against Discrimination ("MCAD"). After three days of hearings, MCAD concluded that the Defendant unlawfully discriminated against the Plaintiff in violation of MASS. GEN. LAWS Ch. 151B. MCAD ultimately awarded the Plaintiff $15,318 in lost wages, plus interest; $20,000 in emotional distress damages, plus interest; and $27,524.70 in attorney's fees and costs. The Defendant filed for chapter 7 bankruptcy on October 19, 2004. The Plaintiff's Complaint alleges that, as of the petition date, the Defendant owed her $100,720.25. Plaintiff commenced this adversary proceeding requesting to have the debt owed her excepted from discharge pursuant to section 523(a)(6).[1]

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### DISCUSSION

In her motion for summary judgment Plaintiff seeks to have the MCAD judgment excepted from discharge as a section 523(a)(6) debt for a willful and malicious injury. Under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary

---

1. Unless otherwise noted, all statutory section references herein are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. § 101, et seq.

judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Genuine," in the context of Rule 56(c), "means that the evidence is such that a reasonable jury could resolve the point in favor of the nonmoving party." *Rodriguez–Pinto v. Tirado–Delgado,* 982 F.2d 34, 38 (1st Cir.1993) (quoting *United States v. One Parcel of Real Property,* 960 F.2d 200, 204 (1st Cir.1992)). "Material," in the context of Rule 56(c), means that the fact has "the potential to affect the outcome of the suit under applicable law." *Nereida–Gonzalez v. Tirado–Delgado,* 990 F.2d 701, 703 (1st Cir.1993). Courts faced with a motion for summary judgment should read the record "in the light most flattering to the nonmovant and indulge all reasonable inferences in that party's favor." *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994).

■ Section 523(a)(6) provides that a "debt for willful and malicious injury by the debtor to another entity or to the property of another entity" is excepted from discharge in bankruptcy. The United States Supreme Court has ruled on the "willful" requirement, concluding "that debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Kawaauhau v. Geiger,* 523 U.S. 57, 64, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). "[N]ondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury." *Id.* at 61, 118 S.Ct. 974. A "willful" injury has been further defined to be one inflicted with the intent to cause the injury suffered "or in circumstances in which the harm was certain or almost certain to result from debtor's act[,]" *In re Jones,* 300 B.R. 133, 140 (1st Cir. BAP 2003) (citing *Printy v. Dean Witter Reynolds, Inc.,* 110 F.3d 853, 859 (1st Cir.1997)), and a "malicious" injury is "wrongful and without just cause or excuse." *Printy v. Dean Witter Reynolds, Inc.,* 110 F.3d at 859 (quoting 4 Collier on Bankruptcy ¶ 523.12 (15th ed.1996)). The Plaintiff must prove by a preponderance of the evidence that the Defendant willfully and maliciously caused her injuries. *See Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). In light of the Bankruptcy Code's policy of providing the debtor with a fresh start, section 523(a)(6) should be narrowly construed. "Accordingly, exceptions to discharge should be strictly construed against an objecting creditor and in favor of the debtor." *In re Davis,* 2003 WL 22454467, at *3 n. 8 (Bankr.D.N.H.2003); *see also Kawaauhau,* 523 U.S. at 61–63, 118 S.Ct. at 977.

■ In support of her argument, the Plaintiff has presented evidence that the Defendant was fully aware of her epilepsy prior to terminating her, stating that the Defendant "knew exactly what he was doing and what he wanted to accomplish by doing it." However, the Plaintiff has not presented evidence sufficient to warrant summary judgment on the issue of whether the Defendant intended to cause the Plaintiff's emotional distress injury. The Plaintiff argues that lost wages are a willful injury because the Defendant "surely knew the result of his unlawful decision would deprive the Plaintiff of wages." This argument is untenable. In nearly every employment termination situation there are lost wages. This Court has not found any case that has found lost wages to be a stand-alone injury under section 523(a)(6). Terminating an employee is not the equivalent of an employer willfully and maliciously injuring the employee. Lost

wages are part of the damages, not the injury. The primary issue in this case regarding intentionally caused injury is whether the Defendant intentionally caused the Plaintiff's *emotional distress*.

■ Turning to malice, the First Circuit defines the 523(a)(6) standard as wrongful or without just cause or excuse. *See Printy v. Dean Witter Reynolds, Inc.*, 110 F.3d at 859. The Defendant argues that he fired the Plaintiff for performance reasons. Plaintiff asserts that malice is inherent in MCAD's finding that the Defendant had unlawfully discriminated against the Plaintiff on the basis of her epilepsy handicap. Although malice has been found to be inherent in a finding that an individual was liable for sexual harassment, the facts of the instant case are different. *See In re Jones*, 300 B.R. at 140. In *In re Jones*, a continuous pattern of sexual harassment provided sufficient evidence to convince the court that the defendant intended to injure the complainant. Noting that the statute under which MCAD decided the case did not have a malice requirement, the court stated that the repeated offensive touching, comments, and other actions supported an inference of malice. *Id.* at 140–41; *see also In re Smith*, 270 B.R. 544, 549–50 (Bankr.D.Mass.2001) (a conclusion that malice is inherent in sexual harassment liability is supported by the fact that MCAD awarded punitive damages). Here, the facts as found in the pleadings and in the MCAD decision do not support such an inference. The Defendant has not engaged in a pattern of sexual harassment, the facts as presented do not show a pattern of discrimination against the Plaintiff, and MCAD did not award punitive damages to the Plaintiff.

■■ Whether the Defendant intended to cause the Plaintiff's injuries is a genuine issue of material fact that is not conclusive-ly established by the Plaintiff's pleadings and MCAD's decision, especially when considered in a light favorable to the Defendant. MCAD's conclusion that the Defendant unlawfully "interfered" with the Plaintiff's right to be free from discrimination is not the equivalent of a finding of a section 523(a)(6) willful and malicious injury. MCAD interpreted state law, not the Bankruptcy Code, and although MCAD credited the Plaintiff's version of events over the Defendant's version of events, MCAD did not conclude that the Defendant intended to cause the Plaintiff's injuries. Therefore, the Plaintiff's motion for summary judgment is denied. As for the Defendant's request for dismissal, that too is denied. Although the Defendant has not brought a proper motion to dismiss, the Court nonetheless notes that in ruling on a motion to dismiss under Rule 12(b)(6), which is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), the Court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine if the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998); *see also Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir.2001); *TAG/ICIB Serv., Inc. v. Pan Am. Grain Co.*, 215 F.3d 172, 175 (1st Cir.2000). The Plaintiff has presented evidence to support a cognizable theory that the debt owed her is excepted from discharge by section 523(a)(6).

### CONCLUSION

The Plaintiff's motion for summary judgment is denied, and the Defendant's request for dismissal is denied. This opinion constitutes the Court's findings and

conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.